Mrs. Atlee (Hilda) PARR, Individually, and as Independent Executrix of the Estate of Atlee Parr, Deceased, Appellant,

v.

The STATE of Texas, et al., Appellees.

No. 04–84–00491–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1987.

Rehearing Denied Nov. 24, 1987.

Mike Hatchell, Tyler, for appellant.

G. Rudolph Garza, Jr., Corpus Christi, Homero C. Canales, Alice, for appellees.

Before CADENA, C.J., and TIJERINA* and DIAL, JJ.

* Justice Tijerina not participating.

OPINION

CADENA, Chief Justice.

Defendant, Hilda Parr, individually and as independent executrix of the estate of Atlee Parr, appeals from a judgment holding her liable for delinquent taxes allegedly owed to plaintiffs, State of Texas, Duval County (County), Duval County Vocational School District (Vocational District), Duval County Conservation and Reclamation District (Water District) and Benavides Independent School District (Benavides District).

In this opinion all statutory references, unless otherwise indicated, are to TEX. REV.CIV.STAT.ANN. (Vernon 1960).

According to the judgment of the trial court, defendant is the owner (or successor owner in interest) of 14,055 acres in Duval County, as well as certain mineral interests. Only part of such surface and sub-surface interests are within the boundaries of Benavides District.

Defendant, by several points of error, challenges the judgment on the ground that none of the taxing agencies made a valid levy of taxes for the years involved in this litigation. In response to this contention the taxing units rely on statutes providing that delinquent tax rolls of taxing agencies constitute prima facie evidence of the true and correct amount of taxes owed by the defendant in a tax suit and shall be prima facie evidence that all requirements of law, including the levying of the taxes sued for, have been satisfied. Defendant contends that the tax rolls were improperly admitted into evidence because (1) they were not properly authenticated and (2) the description of the property contained in the delinquent tax rolls is so defective that the identification and location of the property being taxed is impossible.

■ The applicable "prima facie evidence" statutes are TEX.REV.CIV.STAT. ANN. arts. 7326 and 7336, *repealed*, Acts 1979, 66th Leg., p. 2329, ch. 841, § 6(a)(1), eff. Jan. 1, 1982.

Article 7326 provides that delinquent tax records "shall be prima facie evidence of the true and correct amount of taxes and costs due by defendant ..." Article 7336 requires the tax assessors to make a list of the property upon which delinquent taxes are due and present such list to commissioners' court for examination, correction and approval. Article 7336 provides that the delinquent list constitutes prima facie evidence "that all requirements of the law have been complied with as to regularity of levying all taxes set out ...". Such language requires that we reject defendant's contention that the delinquent tax rolls are not prima facie evidence of a proper levy.

Defendant's contention that the tax rolls were improperly admitted in evidence because they were not properly authenticated must be rejected.

Defendant's objection to the admission of the tax rolls was that "the original delinquent tax roll" contained "no certificate" to show that it was "authenticated by the Commissioner's Court." The gist of the objection was that the rolls, in order "to serve as prima facie evidence in this case" had "to be authenticated by the County Judge and the Commissioner's Court."

■ The statutes do not require that the tax rolls, in order to be admissible, bear a certificate showing authentication by commissioner's court. Article 7326 provides that the tax rolls, "or certified copies thereof, shall be admissible." In this case the tax assessor produced in court the actual tax records from his office, and his testimony was based on such records. After he had testified, photostatic copies of the actual records were made and became part of the record.

Article 7336 provides that the list of delinquent taxes compiled by the tax assessor "shall be prima facie evidence ...". The lists in this case were compiled by the tax assessor, and he testified that the lists had been examined and corrected by commissioner's court. The lists were admissible under article 7336, at least as against the objection actually made by defendant.

It is true that article 7321 refers to a "list to be certified to by the county

judge," but the "list" referred to in article 7321 is a list "of all lands, lots or parts of lots sold to the State for taxes since January 1, 1885, and which have not been redeemed ..." Article 7321 is not applicable to this case.

This objection to the introduction of the delinquent tax rolls was properly overruled. *Cf. Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132, 133–34 (Tex.1970).

The problem of the sufficiency of the description of the property involved requires separate analysis of the claims by Duval County, the Vocational District and the Water District, on the one hand, and the Benavides District, on the other. This is due to the fact that Duval County assesses and collects the taxes for the Water District and the Vocational District, while Benavides District makes its own assessments. The result is that delinquent tax rolls for the county are also the delinquent tax rolls of the Vocational District and the Water District, while Benavides District has its own delinquent rolls.

We cannot consider the challenge to the property description found in the county's delinquent rolls, because those rolls were not included in the record. As far as the delinquent rolls of Benavides District are concerned, the challenge to the description is limited to the descriptions of the surface estates.

■ The Benavides District delinquent tax rolls describe the surface estates only by abstract number, name of original grantee or addition and the number of acres sought to be taxed. For example, for the tax year 1959 part of the property is described as 1,000 acres located in Abstract 227, J.A. Gonzalez Addition. No attempt is made to give any further description or to otherwise locate the 1,000 acres within Abstract 227.

The descriptions fall short of the requirement recognized in *Electra Independent School District v. W.T. Waggoner Estate*, 140 Tex. 483, 168 S.W.2d 645 (1943), that a description, to be sufficient, must make possible the identification or location of the

land. From the description contained in the tax records, it is not possible to locate the 1,000 acres within the Abstract 227.

In *Jamison v. City of Pearland*, 489 S.W.2d 636, 640 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), the court said that introduction in evidence of the delinquent tax rolls "made a prima facie case as to every material fact necessary to the establishment of [the taxing unit's] cause of action provided that the description of the property contained in the records of the tax assessor is not void for lack of certainty." In *Combs v. City of Port Arthur*, 437 S.W.2d 400, 403–04 (Tex. Civ.App.—Beaumont 1969, writ ref'd n.r. e.), the court held that the prima facie evidence statute would not be applied where the description found in the rolls did not adequately describe the land.

Under *Jamison* and *Combs*, the introduction of the rolls of the Benavides District did not constitute prima facie evidence of the taxpayer's liability for the taxes allegedly due on the surface interests of the land owned by defendant.

The "prima facie evidence" statutes, of course, cast upon the defendant in a suit to collect delinquent taxes the burden of producing evidence of reasons for avoiding the tax. *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 572 (1954). But the statutes have a more far-reaching effect. A defendant does not meet his burden by merely producing evidence of non-liability. The taxpayer has the burden of persuading the trier of fact of the existence of facts establishing a "defense" to the claim of the taxing agencies. *Keystone Operating Company v. Runge Independent School District*, 558 S.W.2d 82, 84 (Tex.Civ.App.— San Antonio 1977, writ ref'd n.r.e.).

Defendant's contention that the fact of levy was not proved is based on the theory that the prima facie case was overcome by evidence that, with a few exceptions which will be noted as the claim of each taxing unit is discussed, the minutes of the taxing agencies are silent as to any action of the governing bodies levying, or attempting to levy, taxes for the years involved in this litigation.

The silence of the minutes is irrelevant if the taxing agencies are entitled to invoke the benefits of the prima facie evidence statutes. Such silence is merely evidence of the absence of a levy, and despite such evidence, the trier of fact may conclude, on the basis of the tax records, that there was a valid levy. *Duval County Ranch Company v. State*, 587 S.W.2d 436, 442 (Tex. Civ.App.—San Antonio 1979, writ ref'd n.r. e.).

### Duval County Taxes

As far as Duval County is concerned, the minutes show an attempt to levy taxes for the years 1969 and 1975. Defendant challenges the effectiveness of both attempted levies.

■ Defendant challenges the 1969 levy because the notice of the meeting did not list the levying of taxes as an item to be considered at such meeting. Public notice of the agenda of meetings, was not required until September 1, 1969, three weeks after August 11, 1969, the date of the meeting at which the levy was made. Acts 1969, 61st Leg., p. 674, ch. 227.

■ The minutes of the meetings of commissioner's court held on July 31, 1975, show an attempt to levy a tax for 1975. However, the attempt was ineffective, since not all members of the court were present at that meeting. TEX.REV.CIV. STAT.ANN. art. 2354 (Vernon 1971), provides that no county tax may be levied except at a regular term of commissioner's court when all members of the court are present. The attempted levy for the year 1975 was, as disclosed by the minutes, a nullity. The minutes affirmatively reflect a void attempt to levy taxes for the year 1975. In the absence of other evidence of a valid levy for the year 1975, defendant overcame the prima facie evidence of a valid levy by the county for that year. *Crocker v. Santo Independent School District*, 116 S.W.2d 750, 757 (Tex.Civ.App.— Eastland 1938, writ dism'd).

### The Vocational District

■ The commissioner's court acts as the governing body of vocational school

districts and is authorized to levy taxes to meet the district's needs. TEX.EDUC. CODE ANN. § 28.05(a) (Vernon 1972). The minutes of commissioner's court reflect no action levying or attempting to levy taxes for the vocational district. Under *Duval County Ranch Company* and *Keystone, supra,* this silence of the minutes is insufficient to overcome the prima facie evidence of a valid levy.

### The Water District

Taxes for the water district are levied by the district's board of directors, although the assessments and the collection of the taxes are accomplished by Duval County. The introduction of the delinquent tax rolls established the water district's prima facie case.

The minutes of the board of directors of the water district for the years 1967–72 have been lost or destroyed and could not be produced at the trial. For those years there is no evidence tending to rebut the prima facie evidence.

The minutes for the years 1973 and 1974 do not mention a tax levy. The minutes do reflect that taxes were levied for the year 1975. Defendant claims that the attempted levy was ineffective because the posted agenda for the July meeting did not give notice, as required by the Open Meetings Act, that the levy of taxes would be considered at such meeting.

The posted notice contains the announcement that the purpose of the meeting was to consider routine business matters and several other items, including "budget." The question is whether notice that the board of directors would consider the water district's budget for the year 1975 is sufficient to put interested persons on notice that the levy of taxes for the year 1975 would be considered.

The Texas Supreme Court fully addressed the question of the notice required by § 3A(a) of the Open Meetings Act, apparently for the first time in *Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District,* 706

S.W.2d 956, 958–59 (Tex.1986), although it had on two previous occasions held that substantial compliance with § 3A(a) was sufficient. *See Texas Turnpike Authority v. City of Fort Worth,* 554 S.W.2d 675 (Tex.1977); *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975).

In *Lower Colorado River Authority* the public was notified that the governing body would consider "ratification of the prior action of the Board taken on October 19, 1972, in response to changes in electric power rates ... within the boundaries of the City of San Marcos." The notice was held sufficient to support an ordinance setting rates for electrical power because it would alert a reader to the fact that some action would be considered with respect to the charges for electric power sold in San Marcos. 523 S.W.2d at 646. In *Texas Turnpike Authority* the Court said that if the reader is alerted to the topic for consideration, it is not necessary that the notice give all of the consequences which may flow from consideration of the topic. 554 S.W.2d at 676.

In *Cox Enterprises,* the School board met twice a month, and the agenda for each meeting was posted one week prior to the meeting. The posted notice usually included as an agenda item an "executive session" closed to the public. The notices listed as subjects of these closed meeting, items couched in general terms such as "personnel," "litigation" and "real estate matters." The Supreme Court reversed that portion of the judgment of the Court of Appeals holding that notices listing the subjects of the meetings in such generalized terms constituted substantial compliance with the notice requirements of the Open Meetings Act. The Court said, "The advance notice given under § 3A(a) should specifically disclose the subjects to be considered at the upcoming meeting." 706 S.W.2d at 959.

The decision in *Cox Enterprises* makes almost totally unpersuasive prior decisions by Courts of Appeals [1] which went to great

---

1. Several of the *pre-Cox Enterprises* decisions by    our intermediate appellate courts upholding the

lengths to find that there had been substantial compliance with the notice provisions of the statute.

The levying of taxes is a matter of special interest to the public. It cannot be said that the levying of taxes is in the same category as ordinary budget matters. The generalized label, "budget," falls short of an adequate notice of the fact that a tax levy would be considered. *See Cox Enterprises*, 706 S.W.2d at 959.

The attempt to levy 1975 taxes at the July, 1975, meeting must be held ineffective. *Toyah Independent School District v. Pecos–Barstow Independent School District*, 466 S.W.2d 377 (Tex.Civ.App.—San Antonio 1971, no writ).

The minutes of a meeting held on July 29, 1976, can be interpreted as reflecting an attempt to levy taxes for the year 1976. However, this levy was ineffective, since the notice of that meeting is subject to the same infirmity as the notice of the July, 1975, meeting. The posted notice of the July 29, 1976, meeting listed only two items to be considered: "(1) Minutes (2) Adoption of budget for fiscal year 1976–1977." According to the analysis used in *Cox Enterprises*, the notice did not comply with the requirements of § 3A(a) of the Open Meetings Act.

The trial court correctly rendered judgment granting the Water District recovery of delinquent taxes due for the years 1969 through 1974. However, the Water District was not entitled to recover taxes for the years 1975 and 1976 because of failure to give proper notice of the fact that the subject of the levy of taxes would be considered at the meetings during which the attempt was made.

### Benavides District

All minutes of meetings of the Benavides District prior to 1969 have been lost or destroyed. Under the rule applied in *Keystone* Benavides District was entitled to recover taxes on the mineral interest for the years through 1968 under the prima

facie evidence statutes. Minutes of the meetings held after December 31, 1968, do not mention tax levies, with the exception of the years 1970, 1975 and 1976. Under *Duval County Ranch Company* Benavides was entitled to judgment for the years after 1968, except for 1970, 1975 and 1976.

■ The minutes do reflect attempts to levy taxes for 1970, 1975 and 1976. These attempts are ineffective since the minutes reflect that the levy was by motion, and not by ordinance. *Crystal City Independent School District v. Griffith–Williams Cattle Company*, 575 S.W.2d 336, 338 (Tex. Civ.App.—San Antonio 1978, writ ref'd n.r. e.). However, the tax collector for Benavides testified that after the meeting at which the budget was adopted and a tax rate agreed upon, an ordinance levying the taxes was prepared and passed at the next meeting. Since defendant argues that the evidence established "as a matter of law" that Benavides District attempted to levy taxes by motion only, rather than by ordinance, its contention that the taxes were not validly levied must be rejected. The testimony of the tax collector is sufficient to raise a question of fact as to proper levies for 1970, 1975 and 1976. *International Armament Corporation v. King*, 686 S.W.2d 595, 597 (Tex.1985).

Defendant incorrectly argues that the judgment in favor of Benavides District cannot stand because its pleadings recited that it was seeking judgment for taxes on property described in "Exhibit A," attached to the petition, and there is no such exhibit attached to the copy of the petition found in the transcript filed in this court. Although defendant alleges that she brought this defect in the pleadings to the attention of the trial court by objection, she gives no reference to the record which evidences such objection. The reference in her brief is to the statement of facts reflecting testimony taken about one year after trial had concluded, in a proceeding in which the

adequacy of notices couched in generalized terms are discussed in *River Road Neighborhood Association v. South Texas Sports*, 720 S.W.2d 551, 554–55 (Tex.App.—San Antonio 1986, no writ).

judge made oral findings of fact and conclusions of law. During a lengthy discussion concerning the rulings made by the trial court at this post-trial hearing, counsel for defendant brought up, the fact that Exhibit A was not attached to the petition. No one explained the absence of the exhibit. Neither in the trial court nor here does defendant suggest that the exhibit was not attached to the copy of the petition that she received when she was served with citation.

Even if we assume that Exhibit A was not attached to the petition when it was filed, the record does not reflect that defendant pointed out this defect to the trial court by an exception in writing. The defect, if any, was waived. TEX.R.CIV.P. 90.

■ The fact that taxes were assessed separately on the "surface" and "subsurface" estates did not result in double taxation. The separate assessment of surface estates and mineral interests was approved in *Duval County Ranch Company*, 587 S.W.2d at 443–44.

■ Defendant argues that the judgment against the estate of Atlee Parr cannot stand because there is no evidence that he owned any of the properties on January 1 of any tax year.

Atlee Parr, defendant's husband, died in January 1967, and defendant was named as independent executrix of his estate.

Defendant's contention overlooks the fact that under the prima facie evidence statutes, the taxing agencies were entitled to collect the delinquent taxes on the land in question, and the matter of non-ownership of the property taxed is a defensive matter to be established by the taxpayer. TEX.REV.CIV.STAT.ANN. art. 7329 (Vernon 1960).

The judgment of the trial court implies that Freer Independent School District was a party to this suit when in fact, as conceded by plaintiffs, it was not. All references to Freer Independent School District are deleted from the judgment.

The trial court awarded attorney's fees in the amount of 10% of the judgment to the attorneys representing the State of Texas, Duval County, the Vocational School District and the Water District. Attorney's fees in the amount of 15% of the judgment were awarded to the attorney representing Benavides.

Article 7331, in effect at the time this case was filed, provided for the payment of reasonable attorney's fees, not to exceed 10% of the taxes collected to the criminal district attorney, district attorney or county attorney, but provided that such officers would not be entitled to such compensation where delinquent taxes are collected under a contract between commissioner's court and others. In such latter circumstance, the fees provided for in the statute "shall not be assessed or collected." However at the time the judgment was signed, the Property Tax Code had taken effect. Section 6.30 of that Code permits governing bodies of taxing units to employ attorneys to represent them in suits to enforce the collection of delinquent taxes and to pay such attorneys an amount not to exceed 20% of the amount of taxes, penalty and interest collected. Section 33.48 of the Code provides that a taxing unit is entitled to recover reasonable attorney's fees, not exceeding 15% of the amount of taxes, penalty and interest collected. Any amount of attorney's fees awarded to a taxing unit which has employed an attorney to represent the unit in the collection of taxes shall be applied toward the compensation due the attorney under the contract.

The new statute does not contain a prohibition against recovery of attorney's fees by a private attorney. In *Lakeridge Development Corporation v. Travis County Water Control and Improvement District No. 18*, 677 S.W.2d 764, 766–67 (Tex.App.—Austin 1984, no writ), the Court held that in a suit filed prior to the effective date of the Property Tax Code, but tried and decided after such effective date, the provisions of the Tax Code, rather than the former statutes would control.

■ The record reflects that the attorney for Benavides stipulated in open court that the attorney's fees awarded to Benavides would be limited to 10%. Defendant

agreed to this stipulation. Under TEX.R. CIV.P. 11, this stipulation was binding and the trial court erred iñ awarding Benavides attorney's fees in excess of 10%.

We cannot consider defendant's cross-points in which she argues that the trial court erred in denying her recovery on her cross-action. Her brief contains no statements describing the nature of her cross-action, the theories on which it was based, or the relief which she requested. She refers to no evidence supporting her unrevealed grounds for recovery and cites no authority under which she would be entitled to recover. This point of error was not properly briefed and is waived.

The judgment of the trial court is modified as follows:

1. All references to Freer Independent School District are deleted.

2. That portion of the judgment which awards Duval County recovery for delinquent taxes for the year 1975 is deleted.

3. That portion of the judgment which awards Duval County Conservation and Reclamation District recovery of taxes for the years 1975 and 1976 is deleted.

4. That portion of the judgment awarding Benavides Independent School District recovery for taxes due on the surface estates is deleted. The result of this modification is to reduce the judgment in favor of Benavides Independent School District by $163,739.54, including penalty and interest.

5. That portion of the judgment awarding Benavides Independent School District recovery of 15% as attorney's fees is amended to provide for an award of attorney's fees of 10% of the amount recovered by Benavides Independent School District.

As so modified, the judgment of the trial court is affirmed. Defendant shall pay ⅔ of the costs and Benavides Independent School District shall pay ⅓ of such costs.