The CITY OF BELLS and A.L. Isom, Appellants,

v.

GREATER TEXOMA UTILITY AUTHORITY, Appellee.

No. 05–85–00996–CV.

Court of Appeals of Texas, Dallas.

Dec. 22, 1987.

Rehearing Denied Feb. 19, 1988.

Roger D. Sanders, Sherman, for appellants.

John B. Kyle, Dallas, for appellee.

Before STEWART, HECHT and THOMAS, JJ.

ON MOTION FOR REHEARING

THOMAS, Justice.

We grant the motion for rehearing of appellee, Greater Texoma Utility Authority (GTUA) and withdraw the former opinions and substitute this as the Court's opinion. The City of Bells and A.L. Isom (the mayor of Bells) appeal from a judgment declaring that the GTUA was constitutionally created and that its actions, particularly the issuance of certain bonds, were constitutionally taken. The judgment also enjoins all parties from instituting or maintaining any proceeding contesting the constitutional existence of GTUA, or the validity of any proceedings taken in connection with issuance of GTUA's bonds.

In order to understand the issues in this case, it is necessary to discuss the facts surrounding the litigation. GTUA is a public agency of the State of Texas formed as a conservation and reclamation district to provide services to member cities for such

things as water supply, sewer services and solid waste disposal. Bells is not a member city of GTUA, and is therefore not generally affected by the actions of that entity. However, GTUA desired to use certain property purportedly voluntarily annexed by Bells as a landfill site. Therefore, GTUA and the landowner sued Bells seeking to have the annexation of the land by Bells declared invalid. Bells, in its amended answer in that case, alleged that GTUA was unconstitutionally created and therefore did not exist as an entity which could bring suit. Bells further alleged that GTUA had engaged in various void actions, all of which tended to make GTUA an improper party plaintiff to that lawsuit.

At the time Bells amended its pleadings to include the allegations of unconstitutionality, GTUA was preparing to issue certain revenue bonds. One condition precedent to the issuance of such bonds by a governmental authority such as GTUA is an opinion by the Attorney General of Texas validating the bond issuance. The Attorney General maintains a policy of denying validation when the agency is then under constitutional attack in any court in Texas. GTUA, fearing that the Attorney General would refuse to validate the bonds, brought a class action suit for a declaratory judgment under article 717m–1 to have GTUA, its actions and specifically its bond issuance, declared constitutional. *See* TEX.REV.CIV.STAT.ANN. art. 717m–1 (Vernon Supp.1986). It is from the trial court's actions in this declaratory judgment suit that Bells and Isom appeal.

Bells was served with notice of the declaratory judgment suit brought by GTUA. Thereafter, GTUA filed a motion to require Bells to post a bond under section 8[1] to entitle it to maintain its defense in the declaratory judgment suit. The trial court set the bond at two million dollars ($2,000,-000.00). Isom then filed his first answer in the declaratory action, seeking to intervene as a member of the class under article 717m–1. Upon its failure to post the bond, Bells was dismissed from the suit. The

trial court then struck Isom's answer and, with an attorney ad litem appointed to represent the class, the trial court rendered judgment for GTUA. As a part of the judgment, the court issued a permanent injunction against the class, and specifically against Bells, precluding it from ever contesting, among other things, the constitutionality of GTUA in any court proceeding. Thus, GTUA sought and obtained a permanent injunction to prevent Bells from maintaining one of its defensive theories in the annexation suit.

Bells and Isom bring forty-five points of error asserting, *inter alia*, that the trial court erred: (1) in finding GTUA had complied with the Open Meetings Act; (2) in exercising jurisdiction over Bells because Bells and other members of the defendant class involved in the suit were not properly served with process; (3) in dismissing Bells for failure to file the bond and rendering judgment against Bells by default; (4) in finding that the statute under which GTUA brought suit was constitutional; and (5) in finding that GTUA was constitutionally created and that its actions were constitutionally taken. We agree with Bells and Isom that GTUA failed to comply with the Open Meetings Act in its meeting that, *inter alia*, authorized its counsel to file this declaratory judgment suit. Accordingly, we vacate the judgment of the trial court and dismiss the cause.

TEX.REV.CIV.STAT.ANN. art. 6252–17 (Vernon Supp.1987) provides, in pertinent part:

> Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section, and any action taken by a governmental body at a meeting on a subject which was not stated on the agenda in the notice posted for such meeting is voidable.
>
> (g) The governing body of a water district, other district, or other political sub-

---

1. All references are to TEX.REV.CIV.STAT. ANN. art. 717m–1 (Vernon Supp.1986) unless otherwise indicated.

division, except a district or political subdivision described in Subsection (f) of this section, shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the county clerk or clerks of the county or counties in which the district or political subdivision is located. The county clerk shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse.

(h) Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting.

The parties stipulated at trial that from the time of GTUA's inception in November of 1979 up to April of 1984 GTUA had never complied with the Open Meetings Act. Although not stipulated to, the record reflects that from May of 1984 to May of 1985 GTUA was still failing to comply with the Open Meetings Act. Beginning in May of 1983 and continuing to May of 1985 GTUA had the following procedure. Approximately ten to twelve days before a meeting, a notice was prepared and posted at GTUA headquarters. (From May of 1983 to April of 1984 this notice was posted on a bulletin board in the interior of the building. Consequently, the public was not able to see the notice during the periods of time that the building was not open. From April of 1984 to May of 1985 this notice was posted on the outside glass of the front door where it was visible to the public at all times.) The notice contained the date, place, and hour of the meeting but not the subject matter. Once the agenda was prepared, approximately four to five days before the meeting, the agenda was posted and the *notice taken down*. The agenda contained the date, location, and subject matter of the meeting, but not the hour of the meeting. Therefore, the notice that is required to be posted for the 72 hours immediately preceding the meeting did not inform the public of the hour of the meeting. The hour of a meeting is part of the explicitly required information that

must be in the notice under section 3A(a) of the Act.

The record shows that between GTUA's inception in November of 1979 and May of 1985 GTUA failed to literally comply with the Open Meetings Act. GTUA does not dispute this, but asserts instead that: (1) Bells and Isom have no standing to complain of GTUA's non-compliance with the Act; and (2) substantial compliance is all that is required under the Act. We disagree.

■■■■ GTUA in its original brief addresses the standing issue by claiming that "BELLS probably has no standing to protest this issue since none of its citizens are citizens of the district and the three bond issues in question do not affect BELLS". GTUA cites no authority for its claim and we have found no cases that apply the standing doctrine against a *defendant* to a lawsuit. Nevertheless, we shall address GTUA's standing argument. The general rule is that standing consists of some interest peculiar to the person or entity individually. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). Specifically, one has standing to sue if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter as well as his own interest. *Billy B., Inc. v. Board of Trustees*, 717 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Housing Authority v. State ex rel. Velasquez*, 539 S.W.2d 911, 913–14 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). As a result of a meeting held in violation of the Open Meetings Act, Bells was sued and placed in a position of either posting a two-million dollar bond (Bells' yearly tax revenue is $32,000) or forever losing any claims it had against GTUA. We hold that under these circumstances Bells and Isom

**640**

have standing to raise GTUA's violations of the Open Meetings Act.

■ GTUA also asserts that it is required only to substantially comply with the Act. Although the trial court, in its amended findings of fact and conclusions of law, concluded that GTUA had substantially complied with the Act with respect to any meetings relevant to the bond issues in question (including the meeting which authorized this suit), we need not decide whether the trial court was correct because substantial compliance is not sufficient. Literal compliance is required under the Act. *Smith County v. Thorton,* 726 S.W.2d 2, 2–3 (Tex.1986).

■ The notice of the April 1985 meeting in which GTUA voted to authorize this lawsuit to be filed did not comply with the Open Meetings Act. Compliance with the Open Meetings Act is mandatory, and actions taken by a governmental body in violation of the Act are subject to judicial invalidation. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641, 646 (Tex.1975); *Garcia v. City of Kingsville,* 641 S.W.2d 339, 341 (Tex.App. —Corpus Christi 1982, no writ). We hold that GTUA's actions authorizing this lawsuit were invalid and we vacate the judgment of the trial court and dismiss the cause.