**POINT ISABEL INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Rafael HINOJOSA, Jr., Appellee.**

No. 13–89–367–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

Neil Norquest, Ewers & Toothaker, McAllen, and Norton A. Colvin, Jr., Rodriguez, Colvin & Chaney, Brownsville, for appellant.

Horacio L. Barrera, Martinez & Barrera, Brownsville, for appellee.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

Two questions are presented in this appeal. The first is whether notice of a school board meeting to discuss the filling of certain positions in the school district was sufficiently specific under the Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 § 3A(a) (Vernon 1987). Due to our disposition of this problem, we also address the question of whether a violation of the Open Meetings Act allows the trial court to void all actions taken by a governmental body at the meeting where only some of the actions are taken in violation of the Act.

### I.

Rafael Hinojosa, Jr., appellee, a rejected applicant for the position of high school principal, brought this Declaratory Judgment action against Point Isabel Independent School District, appellant, seeking, *inter alia*, the voiding of all hiring decisions made at a meeting of the Point Isabel School Board, held on July 12, 1988. The trial court ruled that the required notice of the meeting was not sufficiently specific under § 3A(a) and granted appellee's requested relief and attorneys' fees. By sixteen points of error the School District complains that the notice of the meeting was sufficient and that the award of attorneys' fees was improper. We AFFIRM in part and REVERSE in part.

Point Isabel Independent School District contains four schools: a high school, a junior high school, and Derry and Garriga elementary schools. Each school has a principal and an assistant principal in addition to other employees. On or before July, 1988, the principal of the high school resigned. On July 1, 1988, Martin Pena, the Superintendent of the School District, advertised the availability of the position in several Valley newspapers. He also sent a memo to all eligible employees advising them of the vacancy. As required by § 3A(a) of the Open Meetings Act, a notice of the meeting was posted more than seventy two hours before the July 12 meeting. The notice provided:

> The Point Isabel Independent School District Board of Education will hold a Special Board Meeting in the Central Administration Building Board Room on Tuesday, July 12, 1988 at 7:00 p.m. for consideration of the items listed below. The President of the Board will call an Executive Session of the Board as authorized by Section 2(G), Article 6252–17, Revised Civil Statutes of Texas, which authorized the holding of such closed or executive sessions.

> Following the executive session the doors will be opened for consideration of the items under section 2(G): appointment, employment, evaluation, reassignment, duties, discipline or dismissal of a public officer or employee.

> 1. Consider and approve recommendation of Superintendent on employment

of personnel for the 1988–89 school year.

On July 11, 1988, appellee asked Pena, the Superintendent, whether the high school principal's position would be the topic of the July 12, 1988, meeting. Pena stated that he was not ready to make a recommendation but that if he were to do so he would recommend a person from within the School District. Appellee did not attend the meeting.

At the meeting the Board initially met in executive session. During the public meeting immediately thereafter, the Board filled the position of principal of the high school by promoting Genaro Rodriguez, the principal of Derry Elementary School. The newly created vacancy at Derry was filled by Bertha Zamora, the principal of Garriga Elementary School. The vacancy at Garriga Elementary School was filled by Cecillia Castillo, the assistant principal at Derry Elementary School. The Board also hired two teachers, a band director, a librarian, and a part-time counselor.

Appellee brought suit under the Open Meetings Act complaining that the Board failed to properly notify the public of the subject matter of the meeting. The trial court found that the position of high school principal was of special public interest. It held appellant violated § 3A(a) of the Open Meetings Act because the notice was not sufficiently specific and voided all actions taken by the Board at the meeting. The court also awarded appellee his attorneys' fees.

## II.

Appellant is a governmental body as defined in Tex.Rev.Civ.Stat.Ann. art. 6252–17 § 1(c) (Vernon 1989). It is therefore subject to the Open Meetings Act art. 6252–17 §§ 1–5. This Act is based on the theory that the workings of government in our society should be open to public scrutiny and not hidden or disguised. *Cf. Cox*

*Enterprises v. Board of Trustees of Austin Independent School District*, 706 S.W.2d 956, 958 (Tex.1986) (purpose of the Act is to open governmental decision making to the public). Accordingly, § 2(a) of the Open Meetings Act generally requires meetings of governmental bodies, including the School District, to be open to the public.[1] Section 3A(a) of the Act requires governing bodies to provide notice to the public of the date, hour, place, and subject of a meeting. *City of Bells v. Greater Texoma Util. Auth.*, 744 S.W.2d 636, 639 (Tex.App. —Dallas 1987, no writ). Governmental actions in violation of the Open Meetings Act are voidable. § 3(a); *See also Garcia v. City of Kingsville*, 641 S.W.2d 339, 341 (Tex.App.—Corpus Christi 1982, no writ).

In *Cox*, the Supreme Court of Texas addressed the issue of sufficiency of subject matter notice under § 3A(a). The Board of the Austin Independent School District notified the public that it would consider "personnel" and "litigation". The action taken by the Board was the selection of a new superintendent, and discussion of a major desegregation suit pending against the District. The Court stated that "The advance notice under section 3A(a) should specifically disclose the subjects to be considered at the upcoming meeting." *Id.* at 959. The purpose of this section is to "alert the reader to the topic for consideration", *id* at 958, and to provide "full and adequate notice" of the topic to be discussed. *Id* at 959. The court held that "personnel" did not adequately describe the hiring of a new superintendent, and that "litigation" did not adequately describe discussion of a major desegregation suit. The court noted that both of these topics were of special public interest. The standard set by *Cox* requires more specific notice than prior appellate decisions. *See e.g., River Road Neighborhood v. South Texas Sports*, 720 S.W.2d 551, 554–57 (Tex.App.—San Antonio 1986, writ dism'd) (discussing pre-*Cox*

---

1. Executive session meetings may be held for certain limited purposes including "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing." § 2(g).

decisions).[2]

In Op. Tex. Att'y Gen. No. H–1045 (1977), the question before the Attorney General was whether notice of a meeting to consider the appointment of chancellor and university president was sufficiently specific. The pertinent part of the notice provided: *"Executive Session ...* 18. Discussion of personnel changes." *Id.* at 3. The Attorney General opined that notice must be "sufficiently specific to apprise the public in general terms of each subject to be discussed." *Id.* The opinion further stated that this notice was insufficient because "Discussion of personnel changes" is too general and that it did not provide reasonable notice to the public of the decisions made.

■ Although most Attorney General opinions are considered advisory on the courts, they are entitled to careful consideration. *Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); *Commissioners Court of El Paso County v. El Paso County Sheriff's Deputies Ass'n,* 620 S.W.2d 900, 902 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). We consider this opinion authoritative because the *Cox* court placed reliance on it and it is well reasoned. *See Heard v. Houston Post Co.,* 684 S.W.2d 210, 212 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Similarly, in *Parr v. State,* 743 S.W.2d 268 (Tex.App.—San Antonio 1987, writ denied) a water district posted a notice indicating that "budget" matters would be discussed; however, taxes were levied. The court found taxes a matter of special public interest. *Id.* at 273. Accordingly, the court held that "budget" was not sufficiently specific to put interested persons on notice that taxes were going to be levied at a meeting.

■ The focus of analysis under § 3A(a) is a comparison between the content of the notice given and the action taken at the meeting. The appropriate

standard of notice under § 3A(a) is "full disclosure of the subject matter of the meetings." *Cox,* 706 S.W.2d at 960. As expected public interest in a particular subject increases, notice must become more specific. *Id.* at 959; *Creedmore Maha Water Supply Corp. v. Barton Springs–Edwards Aquifer Conservation District,* 784 S.W.2d 79, 86 (Tex.App.—Austin 1989, writ denied). If the notice does not inform the public of the action taken at the meeting, it fails under § 3A(a).

■ On one end of the spectrum, § 3A(a) requires highly specific subject matter notice of meetings in which important governmental actions are taken because of the high degree of public interest in such actions. *Cox,* 706 S.W.2d at 959. On the other end of the spectrum, meetings in which unimportant actions are taken require only general notice of the subject, such as "personnel", or "litigation". *See, e.g., id.* The difficult task, of course, is defining the degree of subject matter notice required for particular governmental actions between these two extremes. We feel that the appropriate process is a case by case comparison between the notice given and the action taken under the standards set by *Cox. Thornton v. Smith County,* 690 S.W.2d 949, 952 (Tex.App.—Tyler 1985), *rev'd on other grounds,* 726 S.W.2d 2 (Tex.1986) (case by case analysis is appropriate).

### III.

The primary question presented is whether the term "personnel" and a reference to § 2(g) of the Act specifically disclosed the actions taken at the meeting under § 3A(a) and the standard set by *Cox.* In addition, we must decide whether the notice meets this standard with respect to the hiring of a librarian, a part-time counselor, a band director, and an elementary school teacher, and if so, whether these decisions may be voided.

To put these questions in perspective, we first address factual and legal sufficiency

**2.** Since *Cox* created a new standard of notice, we find opinions of the courts of appeal decided before *Cox* of less precedential authority. *Parr*

*v. State,* 743 S.W.2d 268, 272–73, n. 1 (Tex.App.—San Antonio 1987, writ denied).

challenges to the trial court's findings supporting its holding. By appellant's points of error twelve and thirteen it complains that the evidence is legally and factually insufficient to support the trial court's finding that appointment of the high school principal was a matter of special public interest.

A "no evidence" or "insufficient evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In determining a "no evidence" point, we consider only the evidence and inferences which tend to support the finding of fact and disregard all evidence and inferences to the contrary. *See International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1958); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62. On the other hand, an "insufficient evidence" point requires us to examine all evidence which supports and contradicts the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *see also* Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 908–09 (1990).

Janet Thomas, one of the school board members, testified by deposition that it is the principal's responsibility to manage the students and the personnel of the high school. Martin Pena, the superintendent, testified by deposition that the principal's position is important to the community, and that the principal was responsible for maintaining the school's certification, and meeting with the parents. He also stated that recent legislation has stressed the importance of the principal in the school's functioning. Appellee testified that the principal is responsible for the curriculum and meeting with the parents, and that the elementary principals were the educational leaders of their schools. This evidence established that the position of principal was

important and, therefore, of public interest. Evidence that the general public, as well as specific parties, including appellee, were interested in the meeting was also admitted. This constitutes "some evidence" supporting the trial court's finding.

From a review of all the evidence, including the evidence set forth above, we find factually sufficient evidence to sustain the trial court's finding that the position of high school principal was of special public interest. *See Pool v. Ford Motor Co.* 715 S.W.2d 629, 633 (Tex.1986). Points of error twelve and thirteen are overruled.

By points of error six, seven, eight, fourteen, and fifteen, appellant challenges the trial court's voiding of the Board's hiring of the three principals. Although the trial court found the appointment of the high school principal of special public interest, no such finding was made with respect the hiring of the other principals. The evidence summarized above showed, however, that the elementary school principals were important positions, and crucial to the functioning and operation of those schools. Of particular importance is the testimony by deposition of the superintendent indicating that recent legislation has stressed the role of the principal. In addition, appellee testified that the elementary school principals were the educational leaders of the school, and they were responsible for meeting with the parents of the students, as well as the general public. He also stated that these positions were of "significant public importance".

The evidence, the finding challenged above, and the unchallenged finding that the hiring of the high school principal was not an ordinary personnel matter, brings the hiring of the three principals within the scope of the *Cox* holding. The significance to the public of the hiring decision in *Cox*, although not as great, was similar to the hiring decisions in the instant case. The notice in *Cox* was similar to the notice in the instant case: both school districts used the word "personnel" to describe important hiring decisions.

▪ Section 3A(a) requires the Board to give the public notice of its intent to hire persons for important positions such as a principal, and that notice must be worded with such clarity that the public will understand what the Board proposes to accomplish. The cryptic segment of a statute quoted by the school board and the phrase "employment of personnel" failed to meet the full disclosure standard of *Cox*. Thus, appellant violated § 3A(a) with respect to the hiring of the three principals. The evidence showed that "personnel" does not adequately describe the decision to fill three important positions such as principal at one meeting, particularly where special public interest is evident. *Cox* at 959; § 3A(a). We hold that the term "personnel" in the notice failed to provide full notice of the subject matter of meeting with respect to the three principals. Points of error six, seven, eight, fourteen, and fifteen are overruled.

Appellant argues that a school board's ability to simultaneously create and fill positions when filling a top post through promotion will be constrained if we require posting of every position to be filled. We recognize this problem but do not find it insurmountable. Section 3A(a) was not designed to restrict the functioning of a governmental body; rather, it merely requires meaningful notice to the public.

## IV.

By points of error one through five appellant complains that the trial court erred in voiding all actions taken at the July 12, 1988, meeting. In addition to the actions discussed above, the Board also hired a librarian, an English teacher, an elementary school teacher, a band director, and a part-time counselor. Two issues are presented here: first, whether these hiring decisions were in violation of § 3A(a); and second, whether the Board's violation of § 3A(a) when it hired the principals rendered voidable all actions taken at the July 12, 1988, meeting.

▪ The record does not disclose public interest in these positions. No finding of special public interest in these positions was filed by the court. Without a showing of some interest by at least one person, or that the decision taken was particularly important, "employment of personnel" adequately notifies the public of appellant's decision to fill less important positions. We hold that the notice given was sufficient to describe the other actions taken by appellant.

▪ We now address the question whether the § 3A(a) violation concerning the hiring of the principals tainted all actions taken at the meeting. Prior decisions have not squarely considered this question. In most cases the defect in notice consists of a problem that affects the entire notice, or the plaintiff's requested relief was voiding only the specific acts taken by the governing body which violated the Open Meetings Act. For example, in *City of Bells*, 744 S.W.2d at 640, the governing body did not post a notice which contained the subject matter of the meeting. Although the defects in notice affected all actions taken, the court only voided the filing of a lawsuit, which was the relief sought. Similarly, in *Smith County*, 726 S.W.2d at 3, the Supreme Court voided only certain actions taken by a governing body even though the defect in notice, a failure to post for seventy two hours in a public place, tainted the entire meeting. As in *City of Bells*, in *Smith County* the requested relief was only to void certain actions, not all actions taken at the meeting.

Section 3(a) provides in part: "An action taken by a governmental body in violation of this Act is voidable." This language suggests that only those actions in violation of the Open Meetings Act may be voided. We feel the better reasoned view is that "action" in the statute means specific acts or decisions made by the Board and not all actions taken at the meeting. The statute does not provide that "all actions taken" are voidable, or that "a meeting" is voidable, but only that "an action taken" is voidable. The intent of the legislature, therefore, appears to be that only specific acts which violate the Open Meetings Act are subject to being declared void. We hold that defective notice of a meeting ren-

ders voidable only those specific actions which are in violation of the Act.

The purposes of § 3A(a) would not be served by voiding all actions taken by a governmental body at a meeting with a partially defective notice. The rationale for such a rule would be to provide additional deterrence from holding meetings with defective notice, or conceivably, to provide a prophylactic rule voiding all actions taken. We see no need for additional deterrence or prophylactic measures because the threat of voidability and attorneys' fees adequately deter such violations. Moreover, voiding other actions would unduly hinder governing bodies from discharging their duties.

Points of error one through five are sustained. We reverse that portion of the judgment that voided the hiring of the librarian, part-time counselor, band director, and elementary school teacher.

### V.

Appellant's ninth point of error complains that the trial court improperly rejected twelve amended and proposed findings of fact and conclusions of law. Our discussion of points of error one through eight, and twelve through fifteen encompass this point. Some of the proposed and amended findings and conclusions should have been allowed by the court. We therefore overrule and sustain this point consistent with our discussion above.

Appellant's tenth and eleventh points of error challenge the legal and factual sufficiency of the trial court's finding that the importance of the high school principal was second to that of superintendent. Error, if any, in this finding is harmless. The relative ranking of the principal's importance is not significant, rather, the operative legal principal is whether the public was adequately notified of the decision taken by the Board. This finding is not necessary to support the judgment in this case and if it is error, it would not be a basis for reversal. Tex.R.App.P. 81(b)(1).

### VI.

By appellant's sixteenth point of error it challenges the granting of attorneys' fees and costs to appellee. The trial court found that appellee's reasonable and necessary attorneys' fees were $3,328.00. The trial court did not indicate whether the legal basis for granting attorney's fees was the Declaratory Judgments Act, § 37.009, or the Open Meetings Act, § 3(b).

The granting of attorneys fees was proper under either standard. The Open Meetings Act, § 3(b) provides for attorneys' fees if appellee substantially prevails. Appellee substantially prevailed when the trial court voided the hiring of the position of high school principal, therefore, he is entitled to the fee awarded by the trial court.

Under the Declaratory Judgments Act, § 37.009, attorneys' fees may be granted if it is equitable and just. The standard of review is abuse of discretion. Under the circumstances, the trial court did not abuse its discretion in this case. *See City of Fort Worth v. Groves,* 746 S.W.2d 907, 917–18 (Tex.App.—Fort Worth 1988, no writ). We assess costs one-half to each party. Tex.R.App.P. 89. Appellant's sixteenth point of error is overruled.

In conclusion, appellant's points of error one through five are sustained. Points six, seven, and eight are overruled. Point nine is encompassed within the first eight rulings, and is overruled in part and sustained in part. Points ten through sixteen are overruled. The judgment of the trial court is AFFIRMED to the extent that it voids the hiring of the three principals and provides for attorneys' fees, and it is REVERSED AND RENDERED to the extent that it voids the hiring of the other employees.