Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00071-CV

Ashley **BARRERA**,
Appellant

v.

**TRI-COUNTY JUVENILE PROBATION BOARD**, Duval County,
Jim Hogg County and Starr County,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-09-218
Honorable Don Wittig, Judge Presiding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  August 10, 2011

AFFIRMED

Seeking to challenge the termination of his employment as a juvenile probation officer, Ashley Barrera filed the underlying lawsuit against the Tri-County Juvenile Probation Board, Duval County, Jim Hogg County, and Starr County asserting violations of the Texas Open Meetings Act ("TOMA") and contending the Tri-County Juvenile Probation Board was not statutorily authorized to act.  On appeal, Barrera contends the trial court erred in granting

---

[1] Sitting by assignment.

summary judgment and specifically challenges the adequacy of the notice of the meeting at which he alleges he was terminated; the authority of the Tri-County Juvenile Probation Board to act on Barrera's employment; and the authority of the Starr County Court at Law judge to serve on the Board. We affirm the trial court's judgment.

## BACKGROUND

The Tri-County Juvenile Probation Board, formerly known as the 229th Judicial District Juvenile Board, was established to jointly operate the Duval County Juvenile Board, the Starr County Juvenile Board, and the Jim Hogg County Juvenile Board. Barrera began working as the Chief Juvenile Probation Officer of the Tri-County Juvenile Probation Board in 1977 and was familiar with its formation. One of Barrera's responsibilities was preparing the agendas for the board's meetings in compliance with TOMA. In May of 2003, Barrera was informed that the Starr County judges wanted to terminate him. Instead of being terminated, Barrera resigned and began serving as the supervisor of the juvenile probation departments for all three counties. In September of 2003, however, Barrera was demoted to juvenile probation officer for Starr County.

The Tri-County Juvenile Probation Board posted notice of an agenda for a meeting to be held on August 30, 2005. Among other items, the agenda included the following items for discussion and possible action in open session: (1) Designation of Key personnel for FY 2006; (2) Tri-County Juvenile Probation Department's FY 2006 Budget Request for Starr, Jim Hogg, and Duval Counties; (3) Tri-County Juvenile Board FY 2006 Budget Request; and (4) Title IV-E Budget for FY 2006. The agenda also stated the following with regard to an executive session:

The Tri-County Juvenile Board will enter into executive session as allowed by the Open Meeting[s] Act, specifically under the Texas Local Government Code, Section 555.071 and 551.074 to discuss the following:
i.      Personnel
ii.      Budget

The minutes of the meeting reflect that the four items listed above were approved by a unanimous vote during open session before the board entered executive session. The minutes state that the county court at law judge for Starr County arrived at the meeting before the board went into executive session. Upon returning to open session, the minutes reflect the following actions:

i. Regarding personnel matters as presented by Director, Judge E.B. Garcia moved to retain Ashley Barrera as Juvenile Probation Officer seconded by Judge Agapito Molina. 2-Ayes, 3 Nays, Motion did not passed [sic].

ii. Judge E. B. Garcia moved and seconded by Judge Agapito Molina to approve personnel as presented. 5 Ayes, 0-Nays. Motion carried.

iii. Requested budget as presented; Motion by Judge Romero Molina to move travel and miscellaneous in amount of $38,000 to line item Residential Treatment Services and Non-Residential seconded by Judge Edmundo B. Garcia. 5-Ayes, 0-Nays. Motion carried.

The minutes then reflect additional actions taken in open session on other agenda items.

In his first amended original petition, which was the live pleading at the time of the summary judgment hearing, Barrera generally alleged that the meeting was conducted in violation of TOMA. Barrera specifically alleged: (1) the notice failed to give proper notice of the exception under TOMA which permitted the executive session; (2) the notice failed to give proper notice regarding the discussion and possible action of continuing or terminating Barrera's employment; (3) the county court at law judge of Starr County was not authorized to vote; and (4) no authority permitted Starr County, Duval County, and Jim Hogg County to operate jointly as the Tri-County Juvenile Probation Board. Barrera's prayer for relief requested that the actions

taken at the meeting be declared void with no effect on his employment. Both sides filed competing motions for summary judgment. After a hearing and additional briefing, the trial court signed a take-nothing judgment. In the judgment, the trial court concludes: (1) the notice of the meeting was adequate under TOMA "although it did contain a misnomer of the statutory authority for an executive session and should not have included the budget as an item for executive session;" (2) Barrera's employment "did not rise to the level of special or significant interest to the public;" and (3) "[t]he issue of the lawful constitution of the Tri-County Juvenile Probation Board [was] moot because a majority of the Starr County Juvenile Board present voted to terminate [Barrera], approved the board's budget, and approved personnel as presented."

## STANDARD OF REVIEW

We review the trial court's summary judgment *de novo*.[2] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When both parties move for summary judgment, and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides,

---

[2] A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied). If a no-evidence motion for summary judgment is not specific in challenging a particular element or is conclusory, the motion is legally insufficient as a matter of law. *Callaghan Ranch, Ltd.*, 53 S.W.3d at 3. The summary judgment motion filed by the appellees asserts that it was filed as both a traditional and a no-evidence motion for summary judgment. The motion does not, however, challenge a particular element of Barrera's claim. Accordingly, we will review the motions filed by both parties under the traditional summary judgment standard.

determines all questions presented, and, if it determines the trial court erred, renders the judgment the trial court should have rendered. *Valence Operating Co.*, 164 S.W.3d at 661.

**ADEQUACY OF NOTICE**

TOMA requires advance written notice of the date, hour, place, and subject of all meetings held by a governmental body. TEX. GOV'T CODE ANN. § 551.041 (West 2004). The intended beneficiaries of the notice are members of the interested public, not specific individuals whose private interests are most likely to be affected by the proposed government action. *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991). "As long as a reader is alerted to the topic for consideration, it is not necessary to state all of the consequences which may flow from consideration of the topic." *Cox Enterprises, Inc. v. Board of Trustees of Austin Ind. Sch. Dist.*, 706 S.W.2d 956, 958 (Tex. 1986). The notice requirements also apply to executive sessions, and require advance notice of the subject matter of the executive session so it can be determined whether a governmental body is correctly applying the exceptions to the general requirement of open meetings. *Id.* In addition to the advance notice of the subject matter of the executive session, TOMA requires the governmental body to first convene in open session and, before convening in executive or closed session, the presiding officer must publicly: (1) announce that a closed meeting will be held; and (2) identify the section or sections of TOMA under which the closed meeting is held. TEX. GOV'T CODE ANN. § 551.101 (West 2004). If the contents of the notice are undisputed, its adequacy is a question of law. *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 486 (Tex. App.—Austin 2004, pet. denied).

A. Personnel

Barrera initially contends that the notice was inadequate because it failed to specifically state that the continuation of his employment would be discussed. As public interest in a subject

matter increases, a correspondingly more detailed description of the subject under consideration must be given in the written notice of the meeting. *Rettberg v. Tex. Dept. of Health*, 873 S.W.2d 408, 411 (Tex. App.—Austin 1994, no writ); *Point Isabel Ind. Sch. Dist v. Hinojosa*, 797 S.W.2d 176, 180 (Tex. App.—Corpus Christi 1990, writ denied). Absent a showing of some special interest in a position of employment, the word "personnel" is adequate to notify the public that actions will be taken in regard to personnel matters. *Rettberg*, 873 S.W.2d at 412; *Point Isabel Ind. Sch. Dist.*, 797 S.W.2d at 182; *see also Cox Enterprises, Inc.*, 706 S.W.2d at 959 (noting label like "personnel" is adequate for ordinary personnel matters but not where the position is of special interest to the public). Although superintendents and principals have been held to be positions of special public interest, a school librarian, an English teacher, an elementary school teacher, a school band director, and a part-time school counselor have been held to be less important positions, not requiring any more specific notice than notice of action relating to "employment of personnel." *See Cox Enterprises, Inc.*, 706 S.W.2d at 959; *Point Isabel Ind. Sch. Dist.*, 797 S.W.2d at 182.

Barrera cites a decision by one of our sister courts holding that whether a subject is of special public interest is a question of fact. *See Gardner v. Herring*, 21 S.W.3d 767, 774 (Tex. App.—Amarillo 2000, no pet.). In the instant case, however, the record establishes as a matter of law that Barrera's employment was not a subject of special public interest. The evidence is undisputed that Barrera initially held the position of Chief Juvenile Probation Officer of the Tri-County Juvenile Probation Board with many responsibilities covering three counties. The record also establishes that this position still exists. Barrera was subsequently demoted to supervisor of the juvenile probation departments for all three counties. At the time he was not retained or his position was not funded, Barrera was serving as a juvenile probation officer for Starr County.

These three separate employment positions and their associated levels of responsibilities are as important in this case as they were in distinguishing the public interest in positions ranging from teacher to principal to superintendent. *See Cox Enterprises, Inc.*, 706 S.W.2d at 959; *Point Isabel Ind. Sch. Dist.*, 797 S.W.2d at 181-82. Given the progression in positions and their associated responsibilities, we hold, as a matter of law, that the position of juvenile probation officer of Starr County is in the "category [of] ordinary personnel matters." *Cox Enterprises, Inc.*, 706 S.W.2d at 959. Accordingly, the use of the term "personnel" in describing the subject matter of the executive session was adequate notice under TOMA. *See id.*

Although Barrera contends that the notice was inadequate because it erroneously referred to the Texas Local Government Code as opposed to the Texas Government Code, we note that section 551.041 only requires notice of the subject, not the section of TOMA giving rise to the exception allowing that subject to be discussed in executive session. TEX. GOV'T CODE ANN. § 551.041 (West 2004). Further, while the presiding officer is required to publicly announce the applicable exception in open session before the governmental body holds an executive session, Barrera makes no argument that the presiding officer announced the wrong section. His only complaint pertains to the section referred to in the notice. Moreover, one court has held that an announcement by a presiding officer that identified the content of the TOMA section was sufficient even though the officer did not identify the exception by its section number. *Lone Star Greyhound Park, Inc. v. Tex. Racing Comm'n*, 863 S.W.2d 742, 747-48 (Tex. App.—Austin 1993, writ denied). Accordingly, because TOMA does not require the written notice to contain section numbers supporting executive sessions and because Barrera does not challenge the presiding officer's announcement of the applicable sections prior to the closed session, this complaint is overruled.

B. Budget

We agree with Barrera and the trial court that the budget was not a proper subject for executive session; however, Barrera frames this issue by challenging the adequacy of the notice. The notice of the meeting properly listed the budget as an item for discussion and action in open session. The minutes reflect that the overall budget and the Designation of Key personnel were approved in open session before the closed session was held. *See Weatherford*, 157 S.W.3d at 486-87 (holding action not voidable where the same vote or action was taken both before and after the closed session). Although the minutes also reflect that the sum of $38,000 was moved from travel and miscellaneous to line item Residential Treatment Services and Non-Residential at the conclusion of the executive session, Barrera does not raise any complaint regarding this action. Only "actions" taken in violation of TOMA are voidable. *Point Isabel Ind. Sch. Dist.*, 797 S.W.2d at 182-83. A violation of TOMA does not void an entire meeting. *Id*. Accordingly, Barrera's complaint with regard to the notice listing the budget as a subject for executive session does not make any of the actions challenged by Barrera voidable under TOMA.

### TRI-COUNTY JUVENILE PROBATION BOARD V. STARR COUNTY JUVENILE BOARD

Section 152.0036 of the Texas Human Resources Code permits juvenile boards in two or more counties that are adjacent to or in close proximity of each other to operate together. TEX. HUM. RES. CODE ANN. § 152.0036 (West 2001). Section 152.0031, however, provides that subchapter B of Chapter 152, which contains section 152.0036, does not apply to a county that is served by a juvenile board created under Subchapter C or D. *Id*. at § 152.0031. In 2005, when the action challenged by Barrera was taken, both Duval County and Starr County were served by a juvenile board created under Subchapter C. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1143, § 1, 1999 Tex. Gen. Laws 4038 (amended 2007) (current version at TEX. HUM. RES. CODE

ANN. § 152.0721 (West Supp. 2010)); Act of May 12, 1989, 71st Leg., R.S., ch. 352, § 1, 1989 Tex. Gen. Laws 1413 (amended 2007) (current version at TEX. HUM. RES. CODE ANN. § 152.2201 (West Supp. 2010)). Accordingly, in 2005, Duval County and Starr County were not statutorily authorized to jointly operate. However, we must determine whether this absence of authority voided the actions taken with regard to Barrera's employment.

Section 551.041 requires a governmental body to give written notice of a meeting. TEX. GOV'T CODE ANN. § 551.041 (West 2004). The purposes of TOMA are to: (1) enable public access to and increase public knowledge of government decision-making; and (2) provide openness at every stage of a governmental body's deliberations. *City of San Antonio*, 820 S.W.2d at 765. The notice of the meeting in the instant case is styled, "Tri-County Juvenile Probation Department Counties of: Starr • Jim Hogg • Duval." In referring to the budget items to be considered, the agenda stated, "Tri-County Juvenile Probation Department's FY 2006 Budget Request for Starr, Jim Hogg and Duval Counties." The agenda lists the members of the "Juvenile Board" as including the district judges and county judge of Starr County. Under the facts of this case, we construe the notice as adequate notice by the Starr County Juvenile Board of the meeting held on August 30, 2005. Barrera does not dispute that the Starr County Juvenile Board had the authority to take action with regard to his employment. Because the notice of the meeting was adequate notice by the Starr County Juvenile Board, no action taken by the Starr County Juvenile Board with regard to Barrera's employment was voidable based on a violation of TOMA. Accordingly, the trial court did not err in concluding that the issue of the Tri-County Juvenile Probation Board's statutory authority was moot.

**VOTE BY STARR COUNTY COURT AT LAW JUDGE**

Barrera complains that the vote on the motion to retain would have been a tie if the vote by the county court at law judge of Starr County was not considered. Barrera relies on section 152.2201(a) of the Texas Human Resources Code in effect in 2005 which provided, "The Starr County Juvenile Board is composed of the county judge and the district judges in Starr County." Act of May 12, 1989, 71st Leg., R.S., ch. 352, § 1, 1989 Tex. Gen. Laws 1413 (amended 2007) (current version at TEX. HUM. RES. CODE ANN. § 152.2201 (West Supp. 2010)). Starr County counters that the county court at law judge of Starr County had been named the juvenile court judge, and section 152.2201(b) in effect both now and in 2005 provides, "The juvenile court judge is the chairman of the board and its chief administrative officer." TEX. HUM. RES. CODE ANN. § 152.2201(b) (West Supp. 2010).

Because we find the written notice was sufficient to provide notice of action to be taken by the Starr County Juvenile Board, we do not reach the issue of whether the county court at law judge of Starr County was a member of the board in 2005. Even if we were to agree with Barrera that the composition of the Starr County Juvenile Board was limited by statute to the district judges and county judge of Starr County, the district judge and county judge of Starr County who were present at the meeting voted in favor of the budget and against the motion to retain Barrera.[3] Accepting Barrera's position that the county court at law judge of Starr County was not a member of the Starr County Juvenile Board, the votes by the county court at law judge of Starr County would have no effect with regard to the actions taken by the district judge and county judge of Starr County who were present at the meeting. Therefore, Barrera's complaint relating to the vote by the county court at law judge of Starr County is overruled.

---

[3] We note that the appellees assert in their brief that the budget eliminated Barrera's position independent of the motion to retain.

**CONCLUSION**

Barrera raises a final issue regarding the relief to which he would be entitled if this court were to hold that a violation of TOMA occurred with regard to the meeting held on August 30, 2005. Because we hold no violation of TOMA occurred, we do not address this final issue. The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice