Stockdale v. Meno 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-184-CV





JOHN STOCKDALE,



 APPELLANT


vs.





LIONEL R. MENO, THE STATE COMMISSIONER OF EDUCATION,


AND BRIDGEPORT INDEPENDENT SCHOOL DISTRICT,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 92-04257, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 John Stockdale appeals a trial-court judgment affirming the Commissioner of
Education's decision that the Bridgeport Independent School District did not violate the Open
Meetings Act when it posted notice of its intention to conduct an executive session pursuant to
section 2(g) of the Act. See Tex. Rev. Civ. Stat. Ann. art. 6252-17 (West Supp. 1993) ("Open
Meetings Act").



BACKGROUND


 Bridgeport Independent School District employed John Stockdale as a teacher and
band director under a dual assignment term contract for the 1990-1991 school year. On March
22, 1991, the school district board of trustees posted notice of a meeting to be held on March
26th. The notice indicated the board's intention to hold an executive session for "discussion of
personnel under Article 6252.17(2g)." The notice also stated that after returning to open meeting,
the board would "[c]onsider proposed non-renewal of teaching contract." On March 26th the
board of trustees met in executive session to discuss the superintendent's recommendation that
Stockdale's employment contract not be renewed for the 1991-1992 school year. The board then
came out of executive session and voted in an open meeting to deliver written notice of the
proposed nonrenewal to Stockdale on or before April 1, 1991. On April 12, 1991, after an
evidentiary hearing that Stockdale attended, the board of trustees voted to uphold the
superintendent's recommendation and not renew Stockdale's employment contract. On appeal
Stockdale maintains that the board of trustees violated the Open Meetings Act by failing to
adequately notify him that they would be discussing his employment contract in executive session
on March 26th.



DISCUSSION


 The Open Meetings Act requires every regular, special, or called meeting of a
governmental body, including school boards, to be open to the public. Tex. Rev. Civ. Stat. Ann.
art. 6252-17 § 2(a) (West Supp. 1993). As one exception to this general rule, a governing body
may hold a closed meeting in cases involving the appointment, employment, evaluation,
reassignment, duties, discipline, or dismissal of a public officer or employee, unless that officer
or employee requests a public hearing. Id. at § 2(g). There can be no final action, decision, or
vote with regard to any matter considered in a closed meeting except in a meeting that is open to
the public and in compliance with the notice requirements set forth in section 3A of the Open
Meetings Act. Id. at § 2(l). 

 The school board posted notice of the March 26, 1991, meeting on March 22nd. 
The pertinent part of the notice stated: "Executive Session for Discussion of Personnel and
Student Discipline, Under Article 6252.17 2g & 2h. . . . 3. Consider proposed non-renewal of
teaching contract." Stockdale contends that this notice violated the Open Meetings Act because
it did not inform him that his employment contract would be the subject of the executive session
and he was therefore deprived of the opportunity to exercise his right to request an open meeting. 
The narrow issue on appeal, therefore, is whether employees who will be the subject of a
governing body's deliberations pursuant to section 2(g) of the Open Meetings Act are entitled to
notice designed to alert them that their employment contract will be the subject of discussion. (1) 

 The heading of the Open Meetings Act indicates that its purpose is to prohibit
governmental bodies from holding meetings that are closed to the public. The intent of the Act
is to safeguard the public's interest in knowing the workings of its governmental bodies. Cox
Enters., Inc. v. Board of Trustees of the Austin Indep. Sch. Dist., 706 S.W.2d 956, 960 (Tex.
1986). The intended beneficiaries of the Act are not individual citizens, but members of the
interested public. City of San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 765 (Tex.
1991). In City of San Antonio the supreme court stated:



The Open Meetings Act is not a legislative scheme for service of process; it has
no due process implications. Rather, its purpose is to provide "openness at every
stage of [a governmental body's] deliberations." [W]e need not inquire into
whether a notice was tailored to reach those specific individuals whose private
interests are most likely to be affected . . . .



Id. (citations omitted). As such, Stockdale is entitled to no more specific notice than that afforded
the public at large. 

 Stockdale argues that in order for the right to request an open meeting to be
meaningful, an individual must receive personal notice so that he or she may exercise that right. 
There are, however, other ways for employees to determine whether their employment contract
will be discussed in an upcoming executive session, the simplest of which is to inquire. The Open
Meetings Act requires only that the governing body announce its intention to hold a closed
meeting and inform the public of the subject of its discussion. Tex. Rev. Civ. Stat. Ann. art.
6252-17 § 3A (West Supp. 1993). A determination that an employee is entitled to personal notice
that his or her employment contract is at issue imputes to the Act due process protections that it
simply does not contain. See City of San Antonio, 820 S.W.2d at 765.

 Having determined that the Open Meetings Act does not afford an individual
procedural protections beyond those owed to the general public, we now examine the notice given
by the school board to determine whether it complies with the notice provisions contained in
section 3A. The Texas Supreme Court addressed the notice requirement imposed by section 3A
in Cox Enterprises, Inc. v. Board of Trustees of the Austin Independent School District, 706
S.W.2d 956 (Tex. 1986). The court held that the notice should specifically disclose the subjects
to be considered at the upcoming meeting. Id. at 959. In addition, as public interest in a matter
increases, the Act requires correspondingly more detailed descriptions of the subject to be
discussed. Id.; Point Isabel Indep. Sch. Dist. v. Hinojosa, 797 S.W.2d 176, 180 (Tex.
App.--Corpus Christi 1990, writ denied). In Point Isabel the court addressed the question of
whether notice stating that the board would meet in executive session to "[c]onsider and approve
recommendation of Superintendent on employment of personnel for the 1988-89 school year" was
sufficiently specific to notify the public that the school board would consider, among other things,
filling the position of band director. 797 S.W.2d at 179. The court concluded that absent a
showing of some special public interest in this position, the words "employment of personnel"
adequately notified the public of the school board's action. Id. at 182. By comparison, the Point
Isabel court found this same notice too general to inform the public of a decision to name three
school principals because the record revealed "special public interest" in these positions. Id. 
Similarly, in Cox Enterprises the supreme court held that the word "personnel" did not adequately
describe the board's intention to hire a new superintendent. Cox Enterprises, 706 S.W.2d at 959.

 Stockdale has made no showing of special public interest in the school board's
decision to renew or not renew his employment contract. Rather, he has proposed that because
the discussions in the executive session could presumably result in a decision to recommend
nonrenewal, he himself had a special interest in participating in the discussions. Because
specificity of notice is tied to the level of public interest involved, Stockdale's personal interest
has no effect on the notice the school board was required to post. We conclude that the posted
notice announcing the board's intent to consider discussion of personnel under section 2(g) of the
Open Meetings Act was sufficient to provide full and adequate notice to the public that it would
discuss whether to accept or reject a recommendation of nonrenewal of a band director's contract. 
Having determined that the notice to the public was adequate, "we need not go further and inquire
into whether a notice was tailored to reach those specific individuals whose private interests are
most likely to be affected by the proposed government action . . . ." City of San Antonio, 820
S.W.2d at 765.



CONCLUSION


 Because we conclude that the Open Meetings Act does not grant an individual
procedural protections beyond those afforded the public and because the notice posted provided
the public with a sufficiently specific description of the board's action, we overrule Stockdale's
point of error. Accordingly, we affirm the judgment of the trial court.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith; 

   Chief Justice Carroll Not Participating


Affirmed

Filed: December 8, 1993

Publish

 
1. We note preliminarily Stockdale's assertion that an employee's right to participate
at the early stages of the decision process is necessary to ensure that the proceedings are
not initially cast in a light unfavorable to the employee. We agree that this is a very
important right. Section 2(g) is in fact designed to protect this right by permitting the
employee to request that meetings originally announced as closed be open to the public. 
If the employee makes such a request, the meeting must be open. Tex. Rev. Civ. Stat.
Ann. art. 6252-17 § 2(g). The issue in this appeal, however, is what type of notice the
Open Meetings Act requires the governing body to provide that particular employee.