Rettberg 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-327-CV





DON F. RETTBERG,



 
 APPELLANT


vs.





TEXAS DEPARTMENT OF HEALTH, STATE BOARD OF EXAMINERS OF


PROFESSIONAL COUNSELORS, AND YVONNE KOHUTEK, IN HER OFFICIAL


CAPACITY AND INDIVIDUALLY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-07904, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 




 Don F. Rettberg, appellant, sued the Texas Department of Health ("TDH"), State
Board of Examiners of Professional Counselors ("the Board"), and Yvonne Kohutek, individually
and in her official capacity as the Board's chairperson, appellees, seeking mandamus and a
declaratory judgment that the Board had violated the Texas Open Meetings Act, Tex. Gov't Code
Ann. §§ 551.001-.146 (West 1994) (hereinafter "the Act" or "Code") (1) when it decided to
recommend Rettberg's termination as the Board's executive secretary. The court in a bench trial
found that TDH, the Board, and Kohutek did not violate the Act and denied Rettberg's requested
relief. Rettberg appeals the trial court's judgment, complaining in three points of error that (1) the
trial court erred in concluding that the meeting notice was sufficient, (2) Rettberg did not waive
his right to contest the validity of the meeting and its outcome, and (3) the trial court erred
generally in its findings of fact and conclusions of law. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Rettberg was employed by the Board as its executive secretary for about three and
one-half years before his termination. Pursuant to the Board's rules, Rettberg's usual duties
included preparation of Board meeting agendas, submission of public notice to the Texas Register
and Secretary of State, and attendance at all meetings of the Board. 22 Tex. Admin. Code
§§ 681.7, .12 (Supp. 1993). On March 5, 1992, the Board met both in open meeting and in
executive session; Rettberg was present at the open meeting. The agenda for the March 5 meeting
was delivered to and posted by the Secretary of State on February 26, 1992, and was published
in the Texas Register on March 3 pursuant to statutory notice requirements. See Code
§§ 551.044, .048. In this instance these duties were, with approval from Kohutek, carried out
by board members instead of Rettberg. The notice to the public included an agenda that indicated
the meeting was called to "discuss the evaluation, designation and duties of the board's executive
secretary." The Board voted in open meeting to recommend to the State Commissioner of Health
that Rettberg's appointment as executive secretary be rescinded. Following the meeting, the
Commissioner acted on the recommendation and terminated Rettberg. On appeal, Rettberg
contends that the notice to the public was not sufficiently specific to inform the public that the
Board would be discussing termination of his employment, thus violating section 551.041 of the
Act.


DISCUSSION


 The Act requires every regular, special, or called meeting of a governmental body
to be open to the public. Code § 551.002. As one exception to this general rule, a governing
body may hold a closed meeting in cases involving the appointment, employment, evaluation,
reassignment, duties, discipline, or dismissal of a public officer or employee unless that officer
or employee requests a public hearing. Code § 551.074. There can be no final action, decision,
or vote with regard to any matter considered in a closed meeting except in a meeting that is open
to the public in compliance with the open meetings notice requirements. Code § 551.102. The
Act requires that written notice of the date, time, place, and subject of each meeting held by most
government bodies with statewide jurisdiction be posted at least seven days before the meeting by
the Secretary of State. Code §§ 551.041, .044. 

 The Board's notice was posted by the Secretary of State on February 26, 1992. 
The notice read in part:


According to the complete agenda, the board will meet in executive session to
discuss the evaluation, designation and duties of the board's executive secretary;
and the board will meet in open session to discuss and possibly act on the
evaluation, designation and duties of the board's executive secretary.


 The purpose behind the Act's notice requirement is to assure that the public has the
opportunity to be informed about governmental decisions involving public business. City of San
Antonio v. Fourth Court of Appeals, 820 S.W.2d 762, 765 (Tex. 1991); Acker v. Texas Water
Comm'n, 790 S.W.2d 299, 300 (Tex. 1990). The idea is that citizens are entitled to know not
only what a governmental body decides, but how and why every decision is reached. Acker, 790
S.W.2d at 300. The intended beneficiary of the notice requirement is not the individual citizen
who may be affected by the discussion or action at the meeting, but members of the interested
public. City of San Antonio, 820 S.W.2d at 765. In City of San Antonio, the Texas Supreme
Court stated:


The Open Meetings Act is not a legislative scheme for service of process; it has
no due process implications. Rather, its purpose is to provide "openness at every
stage of [a governmental body's] deliberations.". . . However, we need not . . .
inquire into whether a notice was tailored to reach those specific individuals whose
private interests are most likely to be affected by the proposed government action
. . . .


Id. (quoting Acker, 790 S.W.2d at 300); see also Stockdale v. Meno, 867 S.W.2d 123, 125 (Tex.
App.--Austin 1993, writ denied). 

 Thus, the purpose of the notice requirement is not to ensure that Rettberg received
notice of the topics of discussion at the March 5 special meeting, but that the public was given
sufficient opportunity to inform itself of the topic of the meeting. Rettberg complains that since
his regular duties required him to write the agenda and see to its proper posting, the Board
purposely denied him adequate notice. While Rettberg normally might have received special
notice as a result of carrying out his regular duties, he is not entitled by right to special notice
under the terms of the Act. The objective of the Act is to ensure that a "reader" is given notice. 
City of San Antonio, 820 S.W.2d at 765. In other words, Rettberg was not entitled to special
notice simply because he or his position was to be a topic of discussion and possible action at the
March 5 meeting.



1. Point of Error One

 In point of error one, Rettberg complains that the notice was not sufficiently
specific to satisfy the requirements of the Act. Having determined that the Act does not afford
an individual procedural rights or protections beyond those owed to the interested public, we now
examine the notice given by the Board to determine whether it complied with section 551.041. (2) 
The Texas Supreme Court has held that notice is sufficient under the Act when it alerts a reader
that some action will be taken relative to a topic. Lower Colorado River Auth. v. City of San
Marcos, 523 S.W.2d 641, 646 (Tex. 1975); see also Creedmoor Maha Water Supply Corp. v.
Barton Springs-Edwards Aquifer Conservation Dist., 784 S.W.2d 79, 86 (Tex. App.--Austin 1989,
writ denied). Further, although the reader needs to know the topic of discussion, the notice need
not state all of the possible consequences resulting from consideration of the topic. Texas
Turnpike Auth. v. City of Fort Worth, 554 S.W.2d 675, 676 (Tex. 1977). The question here,
then, is whether the notice of the March 5 meeting was sufficiently specific to alert the interested
public that some discussion and action could occur regarding the job of executive secretary. The
fact that possible consequences of that discussion might include a change in job description, a raise
in salary, or even termination does not invalidate the action taken if the meeting notice was
sufficient to alert the reader of the topic under consideration. 

 In further refining the analysis of notice sufficiency under the Act, the supreme
court has held that the notice should specifically disclose the subjects to be considered at an
upcoming meeting. Cox Enters., Inc. v. Board of Trustees of the Austin Indep. Sch. Dist., 706
S.W.2d 956, 959 (Tex. 1986). In addition, the Act has been interpreted to require that, as public
interest in a matter increases, a correspondingly more detailed description of the subject under
consideration must be given. Id.; Point Isabel Indep. Sch. Dist. v. Hinojosa, 797 S.W.2d 176,
180 (Tex. App.--Corpus Christi 1990, writ denied). In Point Isabel the court addressed whether
a notice stating that the agency would meet in executive session to "[c]onsider and approve
recommendation of Superintendent on employment of personnel for the 1988-89 school year" was
sufficiently specific to notify the public that the school board would consider, among other things,
filling the positions of band director and three principals. Point Isabel, 797 S.W.2d at 178-79. 
The court concluded that absent a showing of some special public interest in this position, the
words "employment of personnel" adequately notified the public of the school board's actions to
hire the band director. Id. at 182. Because the record did reveal "special public interest" in these
positions, however, the notice was held to be too vague to inform the public of a potential decision
to name three principals. Id. 

 Similarly, in Cox the court believed that the public would be highly interested in
the hiring of a school district superintendent and in a major desegregation suit that would involve
the district in litigation for a long time. Cox, 706 S.W.2d at 959. Thus, the public was entitled
to know that the superintendent was the "personnel" in question and that the desegregation suit
was the "litigation" mentioned in the notice. Id. The court held that the mere mention of key
words from the statute to indicate the need for executive session will not necessarily suffice where
there is or would be strong public interest in the underlying issues. Id. at 958-59. Therefore, the
court held that the notice in that case needed to be more specific.

 We do not believe the decision was one in which the public could reasonably be
expected to have a significant degree of special interest. Rettberg, of course, asserts that he had
a special interest in such a decision and as a member of the public had a right to more specific
notice. Again, however, the specificity of notice required is tied to the level of general public
interest, not personal interest. Stockdale, 867 S.W.2d at 125. We conclude that the notice
indicating that the Board planned to "discuss and possibly act on the evaluation, designation and
duties of the board's executive secretary" was sufficient to alert a reader that the meeting was
called to consider various aspects of the job of the executive secretary. The subject of the meeting
is clear: the job and performance of the executive secretary. The purpose of the meeting is also
clear: to assess the job and performance of the executive secretary, and possibly to act on that
assessment. We conclude that the interested public had a sufficient opportunity to be informed
of the topic under consideration at the March 5, 1992, meeting. 

 Rettberg's argument that the notice only indicated to him that perhaps the Board
intended to revise his job description or redesignate duties as between staff and management is
not persuasive. When the Board indicated that its members would discuss the evaluation of the
executive secretary, it impliedly stated they would evaluate Rettberg's performance. When
evaluating a position, it is common to evaluate the person occupying that position.

 Moreover, what Rettberg thought the notice meant is immaterial. The focus of our
analysis is a comparison between the content of the notice given and the action taken at the
meeting. Point Isabel, 797 S.W.2d at 180. Such an inquiry does not include a determination of
what a particular individual thought at the time he read the notice. We conclude that the notice
posted February 26, 1992, was sufficiently specific to alert a reader of the subject under
consideration. See Code §§ 551.044, .041. We overrule appellant's first point of error.



2. Point of Error Two

 In his second point of error, Rettberg complains that the trial court erred in
concluding that he had waived his right to challenge the sufficiency of the notice under the Act. 
Having held that the notice was sufficient for the March 5 meeting, we need not determine
whether Rettberg waived his right to contest the meeting or executive session in which his
employment was discussed. Even assuming that Rettberg did not waive his right to contest the
proceedings, the notice was sufficiently specific to meet the requirements of the Act. (3) Code
§ 551.041. Rettberg's cause of action for violation of the Act may be determined in this case
without deciding whether Rettberg waived any personal rights at the meeting itself to contest the
validity of the meeting. Accordingly, we do not address Rettberg's second point of error.



3. Point of Error Three

 In his third point of error, Rettberg asserts that the trial court's conclusion of law
that "[the Board] did not violate Mr. Rettberg's due process rights" was irrelevant and not
supported by findings of fact. In the trial court, Rettberg pleaded only violation of the Act's
notice requirements; due process was not an issue. Moreover, the notice provisions of the Act
do not contain due-process implications. See City of San Antonio, 820 S.W.2d at 765; Stockdale,
867 S.W.2d at 125. Since the sole issue in this case is the sufficiency of the notice under the Act,
due-process issues and findings are immaterial. Our holding that Rettberg is entitled under the
Act to no more specific notice than that afforded the public at large has no due-process
implications. Accordingly, any error in making due-process findings did not result in rendition
of an improper judgment.

 Also included in Rettberg's third point of error is a complaint that the trial court
erred in finding that he was an at-will employee serving at the discretion of the Commissioner of
Health, when such finding was immaterial to the issues in this case. The position of the executive
secretary of the Board is statutorily defined. (4) Irrespective of any judicial determination of
employee-at-will status or whether the executive secretary worked for the Board or the
Commissioner, the issue before this Court is the sufficiency of the notice under the Act. Even
assuming, therefore, that Rettberg was or could have been fired by the Board at its March 5,
1992, meeting, the issue pleaded in this case is the alleged insufficiency of the public notice under
the Act. Thus, under the facts of this case, a trial-court finding that Rettberg was or was not an
employee serving at the will of the Commissioner of Health was not material to the issue of
whether the notice was sufficiently specific and therefore could not have resulted in rendition of
an improper judgment. 

 Finally, Rettberg complains that the trial court's finding that the notice was
adequate is not supported by sufficient evidence. Since the facts are undisputed as to the content
of the notice, a determination of its adequacy is a question of law. We have already determined
that the notice was specific enough to satisfy the Act. We overrule Rettberg's third point of error.



CONCLUSION


 We conclude that the notice for the March 5, 1992, meeting in which the Board
recommended Rettberg's dismissal as executive secretary was sufficiently specific to meet the
requirements of the Act. Accordingly, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 30, 1994

Publish
1. Unless noted, all statutory references contained herein are to the Open Meetings Act. 
All citations are to the current open meetings provisions in the Government Code rather than
the former Open Meetings Act, because the recent recodification did not substantively change
the law. See Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583,
986.
2. "A governmental body shall give written notice of the date, hour, place, and subject of
each meeting held by the governmental body." Code § 551.041.
3. Rettberg is correct that any interested person may bring an action by mandamus to stop,
prevent, or reverse a violation of the Act. Code § 551.142. His attendance at the meeting
does not preclude later suit for violations of the Act.
4. The relevant text reads, "The executive secretary must be an employee of the
department. The Commissioner of Health, with the advice and consent of the board, shall
designate an employee to serve as executive secretary of the board." Tex. Rev. Civ. Stat.
Ann. art. 4512(g), § 8(a) (West Supp. 1994).