**Don F. RETTBERG, Appellant,**

v.

**TEXAS DEPARTMENT OF HEALTH, State Board of Examiners of Professional Counselors, and Yvonne Kohutek, in Her Official Capacity and Individually, Appellees.**

No. 3–93–327–CV.

Court of Appeals of Texas, Austin.

March 30, 1994.

Rehearing Overruled May 11, 1994.

Susan G. Morrison, Austin, for appellant.

Dan Morales, Atty. Gen. and Stuart W. Bowen, Jr., Asst. Atty. Gen., Austin, for appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

Don F. Rettberg, appellant, sued the Texas Department of Health ("TDH"), State Board of Examiners of Professional Counselors ("the Board"), and Yvonne Kohutek, individually and in her official capacity as the Board's chairperson, appellees, seeking mandamus and a declaratory judgment that the

Board had violated the Texas Open Meetings Act, Tex.Gov't Code Ann. §§ 551.001–.146 (West 1994) (hereinafter "the Act" or "Code")[1] when it decided to recommend Rettberg's termination as the Board's executive secretary. The court in a bench trial found that TDH, the Board, and Kohutek did not violate the Act and denied Rettberg's requested relief. Rettberg appeals the trial court's judgment, complaining in three points of error that (1) the trial court erred in concluding that the meeting notice was sufficient, (2) Rettberg did not waive his right to contest the validity of the meeting and its outcome, and (3) the trial court erred generally in its findings of fact and conclusions of law. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Rettberg was employed by the Board as its executive secretary for about three and one-half years before his termination. Pursuant to the Board's rules, Rettberg's usual duties included preparation of Board meeting agendas, submission of public notice to the Texas Register and Secretary of State, and attendance at all meetings of the Board. 22 Tex.Admin.Code §§ 681.7, .12 (Supp.1993). On March 5, 1992, the Board met both in open meeting and in executive session; Rettberg was present at the open meeting. The agenda for the March 5 meeting was delivered to and posted by the Secretary of State on February 26, 1992, and was published in the Texas Register on March 3 pursuant to statutory notice requirements. *See* Code §§ 551.044, .048. In this instance these duties were, with approval from Kohutek, carried out by board members instead of Rettberg. The notice to the public included an agenda that indicated the meeting was called to "discuss the evaluation, designation and duties of the board's executive secretary." The Board voted in open meeting to recommend to the State Commissioner of Health that Rettberg's appointment as executive secretary be rescinded. Following the meeting, the Commissioner acted on the rec-

ommendation and terminated Rettberg. On appeal, Rettberg contends that the notice to the public was not sufficiently specific to inform the public that the Board would be discussing termination of his employment, thus violating section 551.041 of the Act.

## DISCUSSION

■ The Act requires every regular, special, or called meeting of a governmental body to be open to the public. Code § 551.002. As one exception to this general rule, a governing body may hold a closed meeting in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee unless that officer or employee requests a public hearing. Code § 551.074. There can be no final action, decision, or vote with regard to any matter considered in a closed meeting except in a meeting that is open to the public in compliance with the open meetings notice requirements. Code § 551.102. The Act requires that written notice of the date, time, place, and subject of each meeting held by most government bodies with statewide jurisdiction be posted at least seven days before the meeting by the Secretary of State. Code §§ 551.041, .044.

The Board's notice was posted by the Secretary of State on February 26, 1992. The notice read in part:

According to the complete agenda, the board will meet in executive session to discuss the evaluation, designation and duties of the board's executive secretary; and the board will meet in open session to discuss and possibly act on the evaluation, designation and duties of the board's executive secretary.

The purpose behind the Act's notice requirement is to assure that the public has the opportunity to be informed about governmental decisions involving public business. *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 765 (Tex.1991); *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 300 (Tex.1990). The idea is that citizens

---

**1.** Unless noted, all statutory references contained herein are to the Open Meetings Act. All citations are to the current open meetings provisions in the Government Code rather than the former Open Meetings Act, because the recent recodification did not substantively change the law. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex.Gen.Laws 583, 986.

are entitled to know not only what a governmental body decides, but how and why every decision is reached. *Acker,* 790 S.W.2d at 300. The intended beneficiary of the notice requirement is not the individual citizen who may be affected by the discussion or action at the meeting, but members of the interested public. *City of San Antonio,* 820 S.W.2d at 765. In *City of San Antonio,* the Texas Supreme Court stated:

> The Open Meetings Act is not a legislative scheme for service of process; it has no due process implications. Rather, its purpose is to provide "openness at every stage of [a governmental body's] deliberations." ... However, we need not ... inquire into whether a notice was tailored to reach those specific individuals whose private interests are most likely to be affected by the proposed government action....

*Id.* (quoting *Acker,* 790 S.W.2d at 300); *see also Stockdale v. Meno,* 867 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied).

Thus, the purpose of the notice requirement is not to ensure that *Rettberg* received notice of the topics of discussion at the March 5 special meeting, but that the *public* was given sufficient opportunity to inform itself of the topic of the meeting. Rettberg complains that since his regular duties required him to write the agenda and see to its proper posting, the Board purposely denied him adequate notice. While Rettberg normally might have received special notice as a result of carrying out his regular duties, he is not *entitled* by right to special notice under the terms of the Act. The objective of the Act is to ensure that a "reader" is given notice. *City of San Antonio,* 820 S.W.2d at 765. In other words, Rettberg was not entitled to special notice simply because he or his position was to be a topic of discussion and possible action at the March 5 meeting.

**1. Point of Error One**

██ In point of error one, Rettberg complains that the notice was not sufficiently specific to satisfy the requirements of the Act. Having determined that the Act does not afford an individual procedural rights or protections beyond those owed to the inter-

ested public, we now examine the notice given by the Board to determine whether it complied with section 551.041.[2] The Texas Supreme Court has held that notice is sufficient under the Act when it alerts a reader that some action will be taken relative to a topic. *Lower Colorado River Auth. v. City of San Marcos,* 523 S.W.2d 641, 646 (Tex.1975); *see also Creedmoor Maha Water Supply Corp. v. Barton Springs–Edwards Aquifer Conservation Dist.,* 784 S.W.2d 79, 86 (Tex. App.—Austin 1989, writ denied). Further, although the reader needs to know the topic of discussion, the notice need not state all of the possible consequences resulting from consideration of the topic. *Texas Turnpike Auth. v. City of Fort Worth,* 554 S.W.2d 675, 676 (Tex.1977). The question here, then, is whether the notice of the March 5 meeting was sufficiently specific to alert the interested public that some discussion and action could occur regarding the job of executive secretary. The fact that possible consequences of that discussion might include a change in job description, a raise in salary, or even termination does not invalidate the action taken if the meeting notice was sufficient to alert the reader of the topic under consideration.

In further refining the analysis of notice sufficiency under the Act, the supreme court has held that the notice should specifically disclose the subjects to be considered at an upcoming meeting. *Cox Enters., Inc. v. Board of Trustees of the Austin Indep. Sch. Dist.,* 706 S.W.2d 956, 959 (Tex.1986). In addition, the Act has been interpreted to require that, as public interest in a matter increases, a correspondingly more detailed description of the subject under consideration must be given. *Id.; Point Isabel Indep. Sch. Dist. v. Hinojosa,* 797 S.W.2d 176, 180 (Tex.App.—Corpus Christi 1990, writ denied). In *Point Isabel* the court addressed whether a notice stating that the agency would meet in executive session to "[c]onsider and approve recommendation of Superintendent on employment of personnel for the 1988–89 school year" was sufficiently specific to notify the public that the school board

**2.** "A governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body." Code § 551.041.

would consider, among other things, filling the positions of band director and three principals. *Point Isabel*, 797 S.W.2d at 178–79. The court concluded that absent a showing of some special public interest in this position, the words "employment of personnel" adequately notified the public of the school board's actions to hire the band director. *Id.* at 182. Because the record did reveal "special public interest" in these positions, however, the notice was held to be too vague to inform the public of a potential decision to name three principals. *Id.*

Similarly, in *Cox* the court believed that the public would be highly interested in the hiring of a school district superintendent and in a major desegregation suit that would involve the district in litigation for a long time. *Cox*, 706 S.W.2d at 959. Thus, the public was entitled to know that the superintendent was the "personnel" in question and that the desegregation suit was the "litigation" mentioned in the notice. *Id.* The court held that the mere mention of key words from the statute to indicate the need for executive session will not necessarily suffice where there is or would be strong public interest in the underlying issues. *Id.* at 958–59. Therefore, the court held that the notice in that case needed to be more specific.

We do not believe the decision was one in which the public could reasonably be expected to have a significant degree of special interest. Rettberg, of course, asserts that he had a special interest in such a decision and as a member of the public had a right to more specific notice. Again, however, the specificity of notice required is tied to the level of general *public* interest, not personal interest. *Stockdale*, 867 S.W.2d at 125. We conclude that the notice indicating that the Board planned to "discuss and possibly act on the evaluation, designation and duties of the board's executive secretary" was sufficient to alert a reader that the meeting was called to consider various aspects of the job of the executive secretary. The *subject* of the meeting is clear: the job and performance of the executive secretary. The *pur-*

*pose* of the meeting is also clear: to assess the job and performance of the executive secretary, and possibly to act on that assessment. We conclude that the interested public had a sufficient opportunity to be informed of the topic under consideration at the March 5, 1992, meeting.

Rettberg's argument that the notice only indicated to him that perhaps the Board intended to revise his job description or redesignate duties as between staff and management is not persuasive. When the Board indicated that its members would discuss the *evaluation* of the executive secretary, it impliedly stated they would evaluate Rettberg's performance. When evaluating a position, it is common to evaluate the person occupying that position.

Moreover, what Rettberg thought the notice meant is immaterial. The focus of our analysis is a comparison between the content of the notice given and the action taken at the meeting. *Point Isabel*, 797 S.W.2d at 180. Such an inquiry does not include a determination of what a particular individual thought at the time he read the notice. We conclude that the notice posted February 26, 1992, was sufficiently specific to alert a reader of the subject under consideration. *See* Code §§ 551.044, .041. We overrule appellant's first point of error.

2. **Point of Error Two**

In his second point of error, Rettberg complains that the trial court erred in concluding that he had waived his right to challenge the sufficiency of the notice under the Act. Having held that the notice was sufficient for the March 5 meeting, we need not determine whether Rettberg waived his right to contest the meeting or executive session in which his employment was discussed. Even assuming that Rettberg did not waive his right to contest the proceedings, the notice was sufficiently specific to meet the requirements of the Act.[3] Code § 551.041. Rettberg's cause of action for violation of the Act may be determined in this case without deciding whether Rettberg waived any personal rights at the meeting itself to contest the validity of

---

**3.** Rettberg is correct that any interested person may bring an action by mandamus to stop, prevent, or reverse a violation of the Act. Code

§ 551.142. His attendance at the meeting does not preclude later suit for violations of the Act.

the meeting. Accordingly, we do not address Rettberg's second point of error.

### 3. Point of Error Three

█ In his third point of error, Rettberg asserts that the trial court's conclusion of law that "[the Board] did not violate Mr. Rettberg's due process rights" was irrelevant and not supported by findings of fact. In the trial court, Rettberg pleaded only violation of the Act's notice requirements; due process was not an issue. Moreover, the notice provisions of the Act do not contain due-process implications. *See City of San Antonio,* 820 S.W.2d at 765; *Stockdale,* 867 S.W.2d at 125. Since the sole issue in this case is the sufficiency of the notice under the Act, due-process issues and findings are immaterial. Our holding that Rettberg is entitled under the Act to no more specific notice than that afforded the public at large has no due-process implications. Accordingly, any error in making due-process findings did not result in rendition of an improper judgment.

█ Also included in Rettberg's third point of error is a complaint that the trial court erred in finding that he was an at-will employee serving at the discretion of the Commissioner of Health, when such finding was immaterial to the issues in this case. The position of the executive secretary of the Board is statutorily defined.[4] Irrespective of any judicial determination of employee-at-will status or whether the executive secretary worked for the Board or the Commissioner, the issue before this Court is the sufficiency of the notice under the Act. Even assuming, therefore, that Rettberg was or could have been fired by the Board at its March 5, 1992, meeting, the issue pleaded in this case is the alleged insufficiency of the public notice under the Act. Thus, under the facts of this case, a trial-court finding that Rettberg was or was not an employee serving at the will of the Commissioner of Health was not material to the issue of whether the notice was sufficiently specific and therefore could not have resulted in rendition of an improper judgment.

**4.** The relevant text reads, "The executive secretary must be an employee of the department. The Commissioner of Health, with the advice and consent of the board, shall designate an employ-

Finally, Rettberg complains that the trial court's finding that the notice was adequate is not supported by sufficient evidence. Since the facts are undisputed as to the content of the notice, a determination of its adequacy is a question of law. We have already determined that the notice was specific enough to satisfy the Act. We overrule Rettberg's third point of error.

### CONCLUSION

We conclude that the notice for the March 5, 1992, meeting in which the Board recommended Rettberg's dismissal as executive secretary was sufficiently specific to meet the requirements of the Act. Accordingly, we affirm the judgment of the trial court.

ee to serve as executive secretary of the board." Tex.Rev.Civ.Stat.Ann. art. 4512g, § 8(a) (West Supp.1994).