

January 31, 2007

The Honorable Kurt Sistrunk
Galveston County Criminal District Attorney
600 59th Street, Suite 1001
Galveston, Texas 77551-4137

Opinion No. GA-0511

Re: Whether the Open Meetings Act, Government Code chapter 551, permits a governmental body to admit selected members of the public into a closed meeting (RQ-0496-GA)

Dear Mr. Sistrunk:

You ask whether a meeting of a school district board of trustees complied with the Texas Open Meetings Act, chapter 551 of the Government Code (the "Act").[1] *See* TEX. GOV'T CODE ANN. ch. 551 (Vernon 2004 & Supp. 2006). Your questions relate to Government Code section 551.074, which authorizes a governmental body to conduct certain deliberations about its officers and employees in a closed meeting. *See id.* § 551.074 (Vernon 2004).

## I. Background

You describe a school board meeting at which the board met in a closed session to evaluate the school superintendent and to consider whether to renew his contract, a matter of significant local interest. *See* Brief, *supra* note 1, at 1. The board convened in an open meeting with a quorum present, announced a meeting closed pursuant to section 551.074, and adjourned into the closed meeting. The superintendent did not object to the closed meeting or participate in it, nor did he request an open meeting. *See id.*

It has been alleged that the board brought members of the public into and out of the closed meeting in the following manner: A board member would come out to where the public was sitting, ask who wanted to "give input (i.e., say something)," and choose a person from those who raised their hands to go into the closed meeting. *See id.* A member of the news media attending the public meeting asked to go into the closed meeting but was denied entry. *See id.* After concluding the closed meeting, the board reconvened in open meeting but took no action on the item posted for deliberation in the closed meeting. *See id.* At a later meeting the board renewed the superintendent's contract. *See id.*

---

[1]Letter from Honorable Kurt Sistrunk, Galveston County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (May 23, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter], Brief attached to Request Letter [hereinafter Brief].

Your request "is precipitated by an assertion that such conduct is permissible under [section] 551.074(a)(2), since a governmental body may conduct a closed session to hear a complaint." *Id.*; *see* TEX. GOV'T CODE ANN. § 551.074(a)(2) (Vernon 2004). You seek advice on the following issues:

> 1.) the adequacy of notice under Texas Government Code Section 551.074 to authorize an executive session[2] consistent with [the Act] when the notice does not specify which subsection the governmental body is relying upon and listed items pertain only to one subsection;
>
> 2.) the permissibility of selectively including members of the public (to the exclusion of other members of the public and the exclusion of news media) in a session closed pursuant to [Section] 551.074; and
>
> 3.) the construction of Texas Government Code Section 551.144 [criminal penalty for unauthorized closed meeting] and whether inadequacy of notice and/or the selective inclusion of members of the public into a session closed under [Section] 551.074 defeats the exception such that the closed session is not permitted under [the Act] for purposes of the criminal offense provision.

Request Letter, *supra* note 1, at 1 (footnote added).

## II.    Analysis

The Act requires meetings of governmental bodies to be open to the public, except for expressly authorized closed meetings, and to be preceded by written notice of the time, place, and subject matter of the meeting. *See* TEX. GOV'T CODE ANN. §§ 551.002, .041 (Vernon 2004). Your questions pertain to section 551.074 of the Act, which provides as follows:

> (a) This chapter does not require a governmental body to conduct an open meeting:
>
> (1) to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee; or

---

[2]The term "executive session" is sometimes used to mean "closed meeting," even though the latter is the statutory language. *See* TEX. GOV'T CODE ANN. § 551.101 (Vernon 2004). Before the Act was recodified as Government Code chapter 551 in 1993, both "executive session" and "closed meeting" appeared in it. *See* Act of Apr. 3, 1973, 63d Leg., R.S., ch. 31, § 2, 1973 Tex. Gen. Laws 45, 45–46, *as amended by* Act of May 31, 1987, 70th Leg., R.S., ch. 549, §§ 1–6, 1987 Tex. Gen. Laws 2211, 2211–14, *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, §§ 1, 46, 1993 Tex. Gen. Laws 583, 591, 986 (nonsubstantive revision of statutes relating to state and local government).

> (2) to hear a complaint or charge against an officer or employee.
>
> (b) Subsection (a) does not apply if the officer or employee who is the subject of the deliberation or hearing requests a public hearing.

*Id.* § 551.074.

## A.    Sufficiency of notice

The notice posted for the school board meeting included the following:

> Section 551.074 – For purposes of considering the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against a public officer or employee
>
> (a.) Contract extensions of Administrative Staff – Assistant Superintendents, Directors, Principals and Assistant Principals
>
> (b.) Deliberation regarding evaluation of the Superintendent
>
> (c.) Consider approval of the Superintendent's contract
>
> (d.) Discuss duties and responsibilities of the Superintendent and Board members

Brief, *supra* note 1, at 1.

The notice of a meeting must include all subjects that a governmental body will discuss, including those that may be discussed in a closed meeting. *See Cox Enters., Inc. v. Bd. of Trs.*, 706 S.W.2d 956, 958 (Tex. 1986). It must inform the public of action taken at the meeting, and an action is subject to judicial invalidation if the notice is inadequate. *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 180 (Tex. App.—Corpus Christi 1990, writ denied); *see* TEX. GOV'T CODE ANN. § 551.141 (Vernon 2004) (an action taken by a governmental body in violation of the Open Meetings Act is voidable). The notice requirement is intended to benefit members of the interested public, rather than individuals affected by a governmental body's decisions. *See Rettberg v. Tex. Dep't of Health*, 873 S.W.2d 408, 411 (Tex. App.—Austin 1994, no writ). Notice must be sufficiently specific to inform the general public of the subjects to be considered during the meeting, and more specificity is required when the subject slated for discussion is of special interest to the public. *See Cox Enters., Inc.*, 706 S.W.2d at 958; *Rettberg*, 873 S.W.2d at 411–12; *Point Isabel Indep. Sch. Dist.*, 797 S.W.2d at 180–81. While the notice must state the topic of discussion, it need not state all of the possible consequences resulting from consideration of the topic. *See Tex. Tpk. Auth. v. City of Fort Worth*, 554 S.W.2d 675, 676 (Tex. 1977).

Neither the Act nor judicial decisions require the notice to state the section number of the provision authorizing the closed meeting. In *Rettberg*, the State Board of Examiners of Professional Counselors voted at a meeting to recommend termination of its executive secretary. *See Rettberg*, 873 S.W.2d at 411–12. The notice of this meeting read in part:

> [T]he board will meet in executive session[3] to discuss the evaluation, designation and duties of the board's executive secretary; and the board will meet in open session to discuss and possibly act on the evaluation, designation and duties of the board's executive secretary.

*Id.* at 410 (footnote added). This notice item did not refer to section 551.074, the provision authorizing a closed meeting in cases involving the appointment, employment, evaluation, reassignment, and other matters concerning a public officer or public employee. The *Rettberg* court held that the notice complied with the Act. *See id.* at 412.

In *Weatherford v. City of San Marcos*, the city council held a meeting to discuss a property owner's application to rezone his land for commercial development. *Weatherford v. City of San Marcos*, 157 S.W.3d 473, 478 (Tex. App.—Austin 2004, pet. denied). The city council went into a closed meeting pursuant to section 551.071 of the Government Code to seek the city attorney's advice about "the Weatherford future land use plan amendment." *Id.* at 481. The notice of the meeting listed consideration of adopting a specific amendment to the city's land use plan and noted that the city council might adjourn into executive session to consider items appropriate for executive session discussion. *See id.* at 486. The notice did not, however, refer to Government Code section 551.071. *See id.* The court found the published notice sufficient to comply with the Act. *See id.* Thus, the notice of a closed meeting need not cite the section number or numbers of the Open Meetings Act provisions authorizing the closed meeting. Accordingly, the notice does not need to refer by number to specific subsections of the Act.

We need not consider whether the notice was sufficient to inform the public that the school board would hear complaints pursuant to section 551.074(a)(2) because, as discussed *infra*, we observe that the board did not in fact adjourn into the closed meeting to hear complaints.

### B.    Admission of selected members of the public into a closed meeting

You next ask whether a governmental body may selectively include members of the public in a meeting closed pursuant to section 551.074, while excluding other members of the public and members of the news media. *See* Request Letter, *supra* note 1, at 1. This office has not considered whether a governmental body may admit members of the public to a meeting closed under section 551.074 or any other provision authorizing a closed meeting. We look to the Open Meetings Act to address this issue. A court will ordinarily look first at the statute's plain and common meaning. *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89 (Tex. 2001). It may also consider

---

[3]The notice need not state that a particular agenda item may be discussed in closed session, although many governmental bodies post a notice that includes this information. *See* Tex. Att'y Gen. Op. No. JC-0057 (1999) at 6.

the purposes for which the statute was enacted. *See* TEX. GOV'T CODE ANN. § 311.023(1) (Vernon 2005). The Act's purposes are "to enable public access to and to increase public knowledge of government decisionmaking." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991); *see Finlan v. City of Dallas*, 888 F. Supp. 779, 783 (N.D. Tex. 1995) (the public policy embodied in the Act is that, "absent compelling reasons to the contrary, the public business should be conducted in public"). We also keep in mind that the Open Meetings Act is to be liberally construed in favor of open government. *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 473 (Tex. App.—San Antonio 2003, pet denied); *Toyah Indep. Sch. Dist. v. Pecos- Barstow Indep. Sch. Dist.*, 466 S.W.2d 377, 380 (Tex. Civ. App.—San Antonio 1971, no writ).

The Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). "Open" is defined as "open to the public." *Id.* § 551.001(5). The Legislature has moreover defined "[c]losed meeting" as "a meeting to which the public does not have access." *Id.* § 551.001(1). The courts have reiterated this definition. *See Cox Enters., Inc.*, 706 S.W.2d at 958 (an executive session is a meeting, "even if properly convened and closed to the public"); *Rivera v. City of Laredo*, 948 S.W.2d 787, 789 n.1 (Tex. App.—San Antonio 1997, writ denied) (an executive session "is a meeting or part of a meeting closed to the public") (citing *Cox Enters., Inc.*, 796 S.W.2d at 957). We rely on the Act's definitions of "open" and "closed meeting" to construe the Act. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005) (words and phrases that have acquired a particular meaning by legislative definition shall be construed accordingly).

The school board asserts that its conduct was permitted by section 551.074(a)(2), which provides that a governmental body is not required to conduct an open meeting "to hear a complaint or charge against an officer or employee." TEX. GOV'T CODE ANN. § 551.074(a)(2) (Vernon 2004). We need not address this provision, because you informed us that the school board did not invite selected members of the public into the closed meeting so that it could "hear complaints or charges against an officer or employee." It invited members of the audience into the closed meeting to "give input" about the superintendent. However defined, the terms "complaint" and "charge" are narrower in scope than "input." *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 269 (9th ed. 1983) (defining "complaint" to include (1) an expression of grief, pain, or dissatisfaction, (2) the cause or subject of protest or outcry, and (3) a formal allegation against a party); *id.* at 227 (defining "charge" to include "accusation," "statement of complaint or hostile criticism"); *id.* at 624 (defining "input" to include advice, opinion, comment). In the situation you describe, the board in effect attempted to hold a "public comment" session about the superintendent in a closed meeting, and thereby failed to comply with the Act. *See* Tex. Att'y Gen. Op. No. JC-0169 (2000) (public comment session).

We note that this office has concluded that a governmental body may, in the exercise of reasonable discretion, include in a closed meeting any of its officers[4] and employees whose participation is necessary to the matter under consideration and whose interests are not adverse to

---

[4]Two opinions of this office consider whether a commissioners court may admit independent county officers into a closed meeting. *See* Tex. Att'y Gen. Op. Nos. JC-0506 (2002), JM-238 (1984). This office has not considered whether an entity other than a commissioners court might admit independent public officers into its closed sessions.

the governmental body's interests that the closed meeting protects. *See* Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2 (school board may require its superintendent to attend all of its closed meetings); *see also* Tex. Att'y Gen. Op. Nos. JC-0506 (2002) at 6 (commissioners court may include county auditor in closed meeting), JM-238 (1984) at 5 (commissioners court, meeting in closed session to discuss pending litigation with its attorney, may admit to closed session those county officers and employees within the attorney-client privilege of commissioners court). While a governmental body's officers and employees are not board members entitled to attend closed meetings, they are not "members of the public" in relation to their board. *See* Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2 (school superintendent). It is our understanding, however, that in the case you describe the persons admitted to the closed meeting were not limited to officers and employees whose presence was necessary.

Having found no provision of the Open Meetings Act authorizing the school board's inclusion of members of the public in its closed meeting, we finally note that a law other than the Open Meetings Act may permit a third party to participate in a closed meeting. For example, a third party might be admitted to a closed meeting as an employee's representative or as a witness. *See, e.g.,* TEX. EDUC. CODE ANN. § 21.207 (Vernon 2006) (hearing under term contract). In the case you describe, however, the members of the public admitted into the closed meeting were not authorized by a law other than the Act to be admitted to a closed meeting. Accordingly, in answer to your second question, it was improper under the Open Meetings Act for the board to have admitted the selected members of the public into the meeting closed under section 551.074.

## C.    Whether the board's closed meeting was "not permitted" under section 551.144

Your third question relates to section 551.144, which provides as follows:

> (a)   A member of a governmental body commits an offense if a closed meeting is not permitted under this chapter and the member knowingly:
>
> > (1)   calls or aids in calling or organizing the closed meeting, whether it is a special or called closed meeting;
>
> > (2)   closes or aids in closing the meeting to the public, if it is a regular meeting; or
>
> > (3)   participates in the closed meeting, whether it is a regular, special, or called meeting.
>
> (b)   [punishment].
>
> (c)   It is an affirmative defense to prosecution under Subsection (a) that the member of the governmental body acted in reasonable reliance on a court order or a written interpretation of this

> chapter contained in an opinion of a court of record, the attorney general, or the attorney for the governmental body.

TEX. GOV'T CODE ANN. § 551.144(a)–(c) (Vernon 2004).

You ask whether inadequacy of notice or the selective inclusion of members of the public in a closed meeting held under section 551.074 defeats the exception so that it is "not permitted" for purposes of section 551.144. *See* Request Letter, *supra* note 1, at 1. Because of our conclusions as to notice, we will consider only the effect of including members of the public in a closed meeting.

*Tovar v. State* addressed a former school board president's conviction for two offenses in violation of section 551.144. *See Tovar v. State*, 978 S.W.2d 584 (Tex. Crim. App. 1998). The defendant "knowingly participated in a special closed meeting of the school board in violation of the Act . . . [and] knowingly called and aided in calling and organizing a special closed meeting of the school board in violation of the Act." *Id.* The court upheld the convictions under section 551.144 against defendant's claims as to the mental state required by that section. *See id.* at 587. Implicit in the court's decision is that the unauthorized closed meetings were "not permitted" within section 551.144. A "[c]losed meeting" is "a meeting to which the public does not have access." TEX. GOV'T CODE ANN. § 551.001(1) (Vernon 2004). By allowing members of the public to attend portions of a "closed" meeting, the board in effect acknowledged that confidentiality was not necessary for that part of the deliberations. Thus, the meeting it conducted in closed session should have been open to the public. Based on the facts you have provided, we conclude that the portions of the "closed" meeting attended by selected members of the public were "not permitted" within section 551.144(a).

Our construction of section 551.144(a) does not indicate that any member of the governmental body committed an offense under section 551.144. We address only one element of section 551.144—whether the meeting in question was permitted. Moreover, whether an individual has violated a criminal law raises questions of fact for determination by a jury. *See* Tex. Att'y Gen. Op. No. JC-0053 (1999) at 6 n.3.

## S U M M A R Y

Notice of a meeting subject to the Open Meetings Act must be sufficiently specific to inform the general public of the subjects to be considered during the meeting, with more specificity for a subject that is of special interest to the public. The Act does not require the notice of a closed meeting to cite the section or subsection numbers of provisions authorizing the closed meeting.

The Open Meetings Act, Government Code chapter 551, does not permit a governmental body to admit members of the public to a closed meeting to give input regarding a public officer or employee. Based on the facts provided, the portions of a "closed" meeting attended by members of the public were "not permitted" within section 551.144(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee