**Affirmed and Memorandum Opinion filed November 26, 2019.**



In the

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-18-00068-CV

**THE CITY OF AUSTIN, Appellant**

**v.**

**LAKE AUSTIN COLLECTIVE, INC., Appellee**

**On Appeal from the 419th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-002447**

### MEMORANDUM OPINION

The City of Austin appeals the trial court's judgment that the City failed to comply with the notice requirements of the Texas open meetings act.[1] As we determine the City's agenda did not provide the public with full disclosure of the

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Third District of Texas to transfer this case (No. 03-17-00875-CV) to this court. Misc. Docket No. 18-9006 (Tex. Jan. 9, 2018), *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

subjects to be addressed at a meeting of the city council, we affirm.

## BACKGROUND

The Texas open meetings act (the "Act") requires that a "governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body." Tex. Gov't Code Ann. § 551.041. This case involves the adequacy of the notice provided by Item No. 6 of the Austin City Council agenda for November 10, 2016 ("Agenda Item 6"), which states:

> 6.  Approve second and third reading of an ordinance amending Ordinance No. 960613-J and authorizing execution of the first amendment to a settlement agreement relating to the development of property located at 6409 City Park Road (Champion Tract). Related to Item #43[.]

Following the November 10, 2016 meeting, the ordinance at issue in Agenda Item 6 was adopted as Ordinance No. 20161110-006 (the "November 10th Ordinance"), which is captioned:

> AN ORDINANCE ADOPTING AND AUTHORIZING EXECUTION OF THE FIRST AMENDMENT TO THE COMPROMISE SETTLEMENT AGREEMENT RELATED TO CAUSE NO. 94-07160, JOSIE ELLEN CHAMPION, ET AL. V. CITY OF AUSTIN IN THE 353RD JUDICIAL COURT OF TRAVIS COUNTY; AMENDING ORDINANCE 960613-J; **AND WAIVING CERTAIN SECTIONS OF CITY CODE CHAPTER 25-2 AND LAKE AUSTIN WATERSHED REGULATIONS FROM ORDINANCE 840301-F**.

(Emphasis added.)

On June 5, 2017, appellee Lake Austin Collective, Inc., filed its original petition in the 419th District Court of Travis County alleging that Agenda Item 6 violated the Act by failing to provide proper notice of the subjects of the November 10, 2016 meeting. Among other arguments, Lake Austin Collective

2

posited that the notice was deficient because it failed to make any mention of the waiver of certain provisions of the Austin City Code or the Lake Austin Watershed Regulations, both of which are specifically listed in the caption of the ordinance resulting from the meeting.

On September 22, 2017, the trial court entered a preliminary injunction enjoining implementation of any site plan regarding the property development referenced in Agenda Item 6. On December 1, 2017, in response to competing motions for summary judgment filed by the City of Austin and Lake Austin Collective, the trial court signed a final judgment in favor of Lake Austin Collective. The trial court concluded that Agenda Item 6 violated the Act, voided the November 10th Ordinance, and awarded costs and fees to Lake Austin Collective.

## ANALYSIS

The issue in the parties' competing summary-judgment motions is whether the notice provided by Agenda Item 6 was sufficient under the Act. When both parties file motions for traditional summary judgment and one of the motions is granted, the trial court's judgment becomes final and appealable, if the summary judgment disposes of all parties and all claims. *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). On appeal, the appellate court determines the questions presented and, if there is reversible error, renders the judgment the trial court should have rendered. Tex. R. App. P. 43.2(c); *Tobin*, 316 S.W.2d at 400–01. Traditional summary judgment is appropriate when, on the record presented to the court, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If, as here, the contents of a notice required by the Act are undisputed, then the adequacy of the notice is a question of law. *Weatherford v.*

3

*City of San Marcos*, 157 S.W.3d 473, 486 (Tex. App.—Austin 2004, pet. denied).

What "notice" of the "subject" of a meeting is the public entitled to under the Act? The Act itself does not elaborate. *See* Tex. Gov't Code Ann. § 551.041. The Texas Supreme Court frames the issue from the perspective of the "reader" who is a "member[] of the interested public." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991) ("If a 'reader' is given notice, the requirement of the Act is satisfied and its purpose served."). The required specificity of the notice varies with the topic of the meeting, as the notice must be more specific if the public has a special interest in the topic under discussion. *See Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 959 (Tex. 1986). While "general notice in certain cases is substantial compliance even though the notice is not as specific as it could be," the supreme court admonishes that "less than full disclosure is not substantial compliance." *Id.* at 959–60 (citing *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975) and *Texas Tpk. Auth. v. City of Fort Worth*, 554 S.W.2d 675 (Tex. 1977)).

In evaluating "substantial compliance" with the notice requirements of the Act, courts compare the content of the notice with the action taken at the meeting. *Rettberg v. Texas Dep't of Health*, 873 S.W.2d 408, 412 (Tex. App.—Austin 1994, no writ). Conducting such a comparison in this case immediately reveals that the City's notice is fatally flawed. Agenda Item 6 discloses an ordinance with two purposes: (1) amending Ordinance No. 960613-J, and (2) authorizing execution of the first amendment to a settlement agreement relating to the development of the property. By its own caption, however, the November 10th Ordinance accomplished a third purpose: it waived certain sections of Austin City Code 25-2 (concerning Hill Country Roadway Requirements) and sections of the Lake Austin Watershed Regulations (enumerated in Ordinance No. 840301-F). Before the

4

meeting, the "reader" would have lacked any notion that waiver of provisions of the City Code or the Watershed Regulations were to be addressed, as the notice in Agenda Item 6 omits entirely any information concerning the third prong of the ordinance. Accordingly, Agenda Item 6 falls short of the "full disclosure" required for "substantial compliance" with the Act, as a reader would not have any inkling as to key topics to be addressed at the meeting concerning the ordinance. *See Cox*, 706 S.W.2d at 960 (requiring "full disclosure" of the topics at issue); *see also Hays Cty. Water Planning P'ship v. Hays Cty., Tex.*, 41 S.W.3d 174, 180 (Tex. App.—Austin 2001, pet. denied) (holding the Act was violated when there was "nothing in the posting that would give a resident of Hays County any inkling of the *substance* of [a] proposed presentation").

The City argues that *Save Our Springs Alliance, Inc. v. City of Dripping Springs* compels a different result. 304 S.W.3d 871 (Tex. App.—Austin 2010, pet. denied). While *Save Our Springs* also involved property development, the focus of that case was entirely different. In *Save Our Springs*, the Third Court held that it was unnecessary to list "all the consequences that would follow" from the development agreements at issue in order to comply with the notice requirements of the Act. *Id.* at 889. The case before us, however, does not concern the "consequences" that would flow from the agreement to be addressed at the meeting. Rather, the issue here is that the City's notice omitted crucial information about the topics of the meeting itself, as explicitly reflected in the caption of the ordinance resulting from the meeting. The notice thereby deprived the reader of adequate notice under the Act. *See Cox*, 706 S.W.2d at 959–60.

**CONCLUSION**

We affirm the judgment of the trial court.

/s/    Charles A. Spain
Justice


Panel consists of Justices Christopher, Bourliot, and Spain.